THE PEOPLE *ex rel.* Abram V. Brokaw *et al.* Appellants,
*vs.* FRANK E. PAINTER *et al.* Appellees.

*Opinion filed April 22, 1915.*

1. SCHOOLS—*population requirement applies where township is organized into high school district.* Where a township is proposed to be organized into a high school district the population requirement of section 1 of the Township High School act of 1911 applies, and it is essential that the township shall contain a school district having a population of 1000 and not exceeding 100,000.

2. SAME—*section 6 of Township High School act does not apply to whole township.* Section 6 of the Township High School act of 1911 does not apply to a whole township but to compact and contiguous territory in part of a township or townships.

APPEAL from the Circuit Court of Henderson county; the Hon. ROBERT J. GRIER, Judge, presiding.

ALBERT F. FAWLEY, State's Attorney, and O'HARRA, O'HARRA, WOOD & WALKER, for appellants.

W. C. IVINS, and SCOFIELD & CALIFF, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

To an information filed in the circuit court of Henderson county charging the appellees with usurping, without warrant or authority, the offices of president and members of the board of education of Terre Haute township high school, which was alleged to have no legal existence, and calling upon them to answer by what right they claimed to hold and execute said offices, they filed a plea of justification, setting forth in detail the proceedings for the organization of the district and their election, the substance of which was, that on March 8, 1914, fifty or more legal voters of the contiguous and compact territory comprising and described as township No. 8, north, range No. 5, west of the fourth principal meridian, in Henderson county, filed

their petition with the county superintendent of schools
praying that notice be given of an election for the purpose
of voting for or against the proposition to establish a town-
ship high school for said township; that the county super-
intendent of schools gave notice of an election to be held
on March 21, 1914, which was held and resulted in favor
of the proposition, and that the county superintendent or-
dered an election for a high school board of education, to
consist of a president and six members, which was held on
April 20, 1914, and at which the appellees were elected to
said offices. A demurrer was filed and was overruled and
the information was dismissed, whereupon this appeal was
prosecuted.

The plea alleged that the petitioners were legal voters
of the contiguous and compact territory comprising and de-
scribed as township No. 8, but did not allege that the town-
ship contained a school district having a population of 1000
or more and not exceeding 100,000 inhabitants. The plea
was based upon section 6 of the act entitled "An act to
authorize the organization of high school districts," (Laws
of 1911, p. 505,) and the question raised by the demurrer
and argued in this court is whether a township can be or-
ganized as a high school district under that section. Sec-
tion 1 of the act provides that any school township that
contains a school district having a population of 1000 or
more and not exceeding 100,000 inhabitants may be organ-
ized into a high school district. Section 6 provides that
the inhabitants of any contiguous and compact territory,
whether in the same or different townships, may establish
a township high school for the benefit of the inhabitants
of the territory described in the petition. If section 6 does
away with the restriction contained in section 1, so that the
same territory which is required by section 1 to contain a
school district having a population of 1000 or more and
not exceeding 100,000 inhabitants, may be organized into
a high school district under section 6 without containing

such a school district, the ruling on the demurrer was right and otherwise it was wrong. Counsel for the appellees say that it was right because the territory of a township is contiguous and compact and is in the same township, so that it comes exactly within the language of section 6, which makes section 1 redundant and superfluous. The argument does not take into account all the language of section 6, and departs from the rule always followed by courts in construing statutes, that every part of a statute shall be upheld and the statute be so construed that no part shall be superfluous or inconsistent. (*Mechanics' Savings Institution* v. *Givens,* 82 Ill. 157; *Hunt* v. *Chicago Horse and Dummy Railway Co.* 121 id. 638; *Misch* v. *Russell,* 136 id. 22; *Crozer* v. *People,* 206 id. 464.) It would be strange, indeed, if the General Assembly, having reason to impose a restriction requiring a school district of a certain size in the township and having by section 1 made the existence of such a district a jurisdictional fact, intended to remove that restriction in section 6 of the same act so as to defeat and nullify what had just been done. It is true that every township is composed of contiguous and compact territory, but the General Assembly by section 1 provided the conditions on which such territory could be organized into a high school district and certainly intended to provide for a different case by section 6. The argument ignores the material language of section 6, which provides that the territory shall be in the same or different townships. That language indicates the position of a compact and contiguous territory with respect to a township or townships, and means situated inside of or within a township or townships. Such a description of a territory naturally means a part and not the whole. The court considered the act in the case of *People* v. *Crossley,* 261 Ill. 78, and said that it provides for the organization of high school districts in two different situations, the first being provided for in section 1 for the organization of a single school township in which

there is a school district having a population of 1000 or more and not exceeding 100,000 inhabitants, and the second provided for in section 6, where the proposed territory is contiguous and compact and either in the same or different townships. The act was again considered in *People* v. *Carter,* 264 Ill. 42, where the court said that the population requirement has no application to the organization of a district out of contiguous and compact territory in different townships but does apply where the territory comprises a single township. We still regard those conclusions as correct when considered from any standpoint or any rule governing the construction of statutes. The court erred in overruling the demurrer.

The judgment is reversed and the cause is remanded to the circuit court, with directions to sustain the demurrer.

*Reversed and remanded, with directions.*