THE PEOPLE *ex rel.* Walter Carruthers, Appellant, *vs.*
W. E. SWIFT *et al.* Appellees.

*Opinion filed December 22, 1915.*

1. SCHOOLS—*when territory of township high school district is
compact and contiguous.* Territory of a township high school dis-
trict organized under section 6 of the Township High School law
of 1911 is sufficiently contiguous and compact under the law if it
lies in one body, even though it is not in the form of a square,
circle or quadrilateral and its boundaries consist of broken lines,
embracing nearly sixty-seven sections, its greatest length being ten
miles and its greatest width nine and one-half miles.

2. SAME—*word of false description may be rejected.* Where it
is apparent from the petition to organize a township high school
district that the presence of the word "section" in the expression
"quarter section" used in one of the calls of the description, makes
it impossible to carry out the remainder of the call, but that by
rejecting the word "section" the remainder of the call can be car-
ried out and the description of the whole territory be made har-
monious, the word "section" may be rejected as a word of false
description.

3. SAME—*when call of description is not uncertain.* In the de-
scription of territory of a proposed high school district a call for
a line from a point at the south line of section 14 in Talkington
township, "thence west along the south line of sections 14, 15 and
16 in Talkington township to the center line between sections 16
and 21 in said Talkington township, thence south to the center
of section 28, in said township," is not uncertain.

4. SAME—*a school township having one thousand inhabitants
is not, per se, a high school district.* A school township having
within its borders one thousand and not exceeding one hundred
thousand inhabitants may organize into a high school district un-
der section 1 of the Township High School act of 1911, but if it
has not so organized, the statute does not prevent a part of the
territory of the school township being included in a district organ-
ized under section 6 of said act out of compact and contiguous
territory. (*People* v. *Painter,* 267 Ill. 473, explained.)

APPEAL from the Circuit Court of Sangamon county;
the Hon. JAMES A. CREIGHTON, Judge, presiding.

EDMUND BURKE, JOHN P. FLOOD, C. F. MORTIMER, and
GRAHAM & GRAHAM, for appellant.

E. ETTER, GEORGE B. GILLESPIE, and STEVENS & HERN-
DON, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Sangamon county on the motion of
the State's attorney granted him leave to file an informa-
tion on the relation of Walter Carruthers against the ap-
pellees, calling upon them to show by what authority they
assumed to hold and exercise the offices of president and
members of the board of education of a certain township
high school district. The information having been filed,
the appellees moved the court to set aside the order grant-
ing leave to file it, and the court sustained the motion and
dismissed the proceeding. The relator appealed to this
court. The motion was heard upon the affidavit filed in
support of the motion for leave to file the information, and
the appellant insists upon three grounds for reversing the
judgment.

*First*—The supposed township high school district was
organized pursuant to a petition in accordance with the
provisions of section 6 of the act of 1911 authorizing the
organization of high school districts. It is insisted that the
territory included in the district is not compact and con-
tiguous, as required by that section. The territory includes
almost sixty-seven sections of land. Its greatest length is
ten miles; its greatest width nine and a half. If situated
in a square the sides would be more than eight miles long;
if in a circle, the diameter would be more than nine miles
long. A circle with a radius of five miles includes practi-
cally all of the land. There are some irregularities in the
boundaries of the district, so that it is not quadrilateral, its
boundaries consisting of broken lines, but it cannot be said
that the territory is not compact, unless it is held that the
district can only be organized in the form of a square or
circle. In *People* v. *Crossley,* 261 Ill. 78, it was held that
this was not necessary; that territory was contiguous when

it was united or joined together. "Compact" is defined as meaning, "closely and firmly united, as the parts or particles of solids, having the parts or particles packed together; close; firm; solid; dense." Giving a reasonable construction to the language of the section this territory must be held to be contiguous and compact.

*Second*—It is argued that in the petition for the organization of the district the description of the territory proposed to be included in the high school district is uncertain, so that the territory cannot be accurately located. The description of the territory, after starting at the southwest corner of section 34, town 13, range 8, west of the third principal meridian, proceeds through various calls to the northwest corner of section 29; thence north along the west line of sections 20, 17 and 8 to the southwest corner of the northwest quarter of the northwest quarter of section 8; "thence east along the south line of said quarter section to the southeast corner thereof; thence north to the northeast corner of said quarter section; thence east to the southeast corner of the southeast quarter of the southwest quarter of section 5, in said township." There is a manifest defect in the description of the boundary between the southwest corner of the northwest quarter of the northwest quarter of section 8 and the southeast corner of the southeast quarter of the southwest quarter of section 5, and it is insisted that it is impossible to tell how much land in section 8 is intended to be included in the district. The description calls for a line east from the southwest corner of the northwest quarter of the northwest quarter along the south line of said quarter section to the southeast corner thereof. It is apparent that a line east from that starting point could not run along the south line of that quarter section and would not arrive at the southeast corner of that quarter section. It seems that either the word "quarter" was omitted before the word "quarter section" or that the word "section" was improperly inserted. Two points and two directions are definitely

fixed by this portion of the description: the southwest corner of the northwest quarter of the northwest quarter of section 8 and a line running east from it, and the southeast corner of the southwest quarter of section 5 and a line running east to it. These two lines are parallel and cannot meet. The description calls for a line from one to the other, running north and south. This line runs north from the southeast corner of a quarter in section 8 to the northeast corner of that quarter, where it meets the line running east to the southeast corner of the southwest quarter of section 5. These quarters cannot be quarter sections, because it is impossible for the lines to run to quarter section corners and comply with the other calls of the description; but if the word "section" is rejected, so that the quarter refers to a quarter of a quarter and not to the quarter of a section, then the description is harmonious and would read as follows: "thence north along and upon the west line of sections 20, 17 and 8 to the southwest corner of the northwest quarter of the northwest quarter of section 8; thence east along the south line of said quarter to the southeast corner thereof; thence north to the northeast corner of said quarter; thence east to the southeast corner of the southeast quarter of the southwest quarter of said section 5, in said township." There can be no doubt that this was the meaning intended. Rejecting the word "section" as a word of false description, the description is good.

Another objection to the description of the territory arises further along, at the south line of section 14 in Talkington township, in Sangamon county, from which the call is, "thence west along the south line of sections 14, 15 and 16 in Talkington township to the center line between sections 16 and 21 in said Talkington township; thence south to the center of section 28, in said township." The line between sections 16 and 21 is a continuation of the south line of sections 14 and 15 and is reached at the southeast corner of section 16, but the appellees insist that the call

carries the line to the middle of the south line of section 16. Because of this uncertainty the appellant insists that the description is defective. But there is really no uncertainty, for while the call extends to the center line between sections 16 and 21 in said Talkington township, which might be uncertain, the next call is, "thence south to the center of section 28, in said township," which cannot be uncertain, but is a north and south line through the centers of sections 21 and 28, which will intersect the line west from the south line of section 14 in the middle of the south line of section 16, and this makes the terminus of the previous call definite as being at that point. The description of the territory is sufficient to determine the lands included within its boundaries.

*Third*—School township 13, north, range 8, west of the third principal meridian, includes a school district which contains two thousand inhabitants. The high school district includes about three-fourths of this school township. It is contended that a school township having within its borders a school district with a population of one thousand or more and not exceeding one hundred thousand inhabitants constitutes a high school district unit and cannot be divided in the formation of a high school district. In the brief of the appellant this position is stated in the following language: "that section 1 of the act of 1911 does specify a township within its terms as a statutory high school district not to be infringed upon by any proceeding under section 6." We do not assent to that view. The act of 1911 was considered by the court in *People* v. *Crossley, supra,* and it was there said that it provides for the organization of high school districts in two different situations: First, for the organization into a high school district of a single school township in which there is a school district having a population of one thousand or more and not exceeding one hundred thousand inhabitants; second, for the organization of a high school district where the proposed territory is con-

tiguous and compact, which may be either in the same or different townships. In *People* v. *Painter*, 267 Ill. 473, we held that these two sections provided for different situations, and that section 6 did not apply to a whole township but only to compact and contiguous territory in part of a township or townships. In that case an attempted organization of a high school district composed of a whole township, which was compact and contiguous territory but was not alleged to contain a school district having a population of one thousand and not exceeding one hundred thousand, was held invalid. High school districts may be organized only where there is a statute authorizing their organization. In order to effect such organization they must comply with the statute, and when they have complied with the terms of the statute the organization is complete. The legislature has not declared a school township containing a district with a population of one thousand and not exceeding one hundred thousand a high school district or a high school district unit. It merely provided that such a township may organize as a school district in the manner provided by the statute. It has also provided that any contiguous and compact territory may likewise be organized into a high school district. This authority contains no limitation requiring the compact and contiguous territory to be composed of territory outside of a school township containing a population of one thousand and not exceeding one hundred thousand. There is nothing inconsistent in these two provisions standing in the statute together. Neither constitutes a limitation upon the other. The school township, as a whole, may be organized as a high school district. A part of it may be organized in conjunction with other territory, all together constituting contiguous and compact territory. No limitation has been placed by the legislature upon the amount of territory that may be included in the school district. We have no authority to impose any limitation upon its size.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*