THE PEOPLE *ex rel.* John M. Kane *et al.* Appellees, *vs.* O. L. WEIS *et al.* Appellants.

*Opinion filed October 24, 1916—Rehearing denied Dec. 15, 1916.*

1. SCHOOLS—*sections 1 and 6 of Township High School act of 1911 must be construed together.* Section 1 of the Township High School act of 1911 constitutes a limitation upon section 6 of the same act, and the two sections are so interdependent that if section 1 is invalid its invalidity may be urged in attacking the organization of a high school district under section 6.

2. CONSTITUTIONAL LAW—*when the legislature may make classification a basis for legislation.* While the legislature may make classification a basis for legislation in proper instances, yet a classification will suffice as a basis for legislation only where such classification is based upon a rational difference of situation or condition found to exist in the persons or objects upon which the classification rests.

3. SAME—*section 1 of Township High School act of 1911 is unconstitutional and entire act is invalid.* Section 1 of the Township High School act of 1911, providing for the organization into a high school district of any school township containing a school district of a certain population, is unconstitutional as conferring a special privilege upon such township, and as the provisions of said section are so interwoven with the remainder of the act that it cannot be fairly said the legislature would have passed the act without said section, the entire act must be held invalid. (*People* v. *Rinaker*, 252 Ill. 266, applied.)

4. SAME—*Township High School act of 1911 cannot be sustained because general School law covers same ground.* While it is true that under the general School law of 1909 any school township may organize into a high school district, the mere fact that that act is still in existence and an opportunity is thus afforded

the inhabitants of any township to organize a high school district under it cannot affect the validity of the Township High School act of 1911, which is a complete act in itself.

5. SAME—*section 22 of article 4 of constitution applies to laws for formation of school districts.* While no constitutional limitation has been placed on the legislature with reference to the formation of school districts, yet when the legislature has adopted a plan for the formation of school districts, section 22 of article 4 of the constitution requires that such plan shall be uniform and shall apply to all the citizens of the State similarly situated.

6. SAME—*the Township High School act of 1911 cannot be upheld because districts have been organized under it.* The Township High School act of 1911 cannot be upheld merely because a number of high school districts have been formed under it and the result of holding the act unconstitutional might work a hardship on those districts. (*Richter* v. *Burdock,* 257 Ill. 410, distinguished.)

7. SAME—*districts organized under Township High School act are de facto districts.* High school districts which have been fully organized and equipped under the Township High School act are *de facto* districts notwithstanding the invalidity of such act, as the general School law, providing for the organization of high school districts, is still in force.

FARMER, J., dissenting.
CARTER, J., specially concurring.

APPEAL from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding.

C. M. CLAY BUNTAIN, and H. E. TORRANCE, for appellants.

F. A. ORTMAN, State's Attorney, and BERT W. ADSIT, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Upon leave granted, the People, upon the relation of John M. Kane and others, filed an information in the nature of *quo warranto* in the circuit court of Livingston county against appellants, O. L. Weis and others, requiring them to show by what warrant they claimed to hold and

execute the offices of president and members of the board of education of a certain alleged high school district situated in the counties of Livingston, Kankakee and Grundy. Appellants filed a plea in which they set up each step taken in the organization of the alleged high school district and their election as president and members of the board of education of such district. To this plea appellees interposed a demurrer, which was sustained. A judgment of ouster was entered and appellants were each fined the sum of one dollar and costs. This appeal followed.

It was attempted to organize this district under section 6 of the act of June 5, 1911, which authorizes the organization of high school districts. (Hurd's Stat. 1916, p. 2361.) One of the contentions made by appellees is that the plea fails to show a legal organization of the high school district, and that the judgment of the circuit court should be affirmed for the reason that the High School act of June 5, 1911, is unconstitutional. Section 1 of that act is as follows: "That any school township that contains a school district having a population of 1000 or more and not exceeding 100,000 inhabitants, whether operating under the general School law or governed by virtue of a special act, may be organized into a high school district by submitting the proposition to a vote of the people at a general or special election." Sections 2 to 4, inclusive, provide the manner in which such high school district may be organized and established. Section 5 confers upon the board of education the same powers and authorizes them to discharge the same duties as boards of education elected under the general School law. Section 6 of the act is as follows: "The inhabitants of any contiguous and compact territory, whether in the same or different townships, upon a petition signed by at least fifty legal voters and an affirmative vote in such territory, may establish, in the manner provided by this act, a township high school for the benefit of the inhabitants of the territory described in the petition." The seventh and

last section provides that a school district, or any part thereof, adjoining a high school district organized under the act, may be annexed to such high school district by following the procedure in that section prescribed.

It is contended that the act violates section 22 of article 4 of the constitution. That part of the section relied upon is as follows: "The General Assembly shall not pass local or special laws * * * granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever." Three cases have been taken under advisement and are now receiving our consideration involving the legality of the organization of high school districts under the act of 1911 and in which the question of the constitutionality of the act is raised. The contentions made in each of these cases and the authorities cited on this question will be considered in this opinion. In each of these cases the organization was attempted under section 6, and it is contended that section 6 is in no way dependent upon or connected with section 1; that section 1 may be eliminated, leaving an act complete in itself, and that with section 1 excluded all question of the constitutionality of the act disappears. Section 1 is clearly a limitation on section 6, and these sections are therefore so interdependent that it cannot be said that the legislature would have passed the act without section 1. By its terms section 1 provides only for the organization of a school township containing a school district having a population of 1000 and not more than 100,000 into a high school district. With section 1 excluded from the act section 6 is broad enough to include the organization of such a school township into a high school district, but with section 1 in the act both sections must be construed together, with the result that the scope of section 6 is necessarily limited. In *People* v. *Painter,* 267 Ill. 473, we had occasion to construe this statute, and we there held that where it is proposed to organize a township into a high school district section 1 of the act

applies, and it is essential that the township shall contain a school district having a population of 1000 and not exceeding 100,000, and that section 6 of the act does not apply to territory which includes a whole township, but only to compact and contiguous territory in part of a township or townships. This holding was approved in *People* v. *Swift,* 270 Ill. 532. It will thus be seen that section 1 constitutes such a limitation upon section 6, and the two sections are so interdependent, that it cannot fairly be said that the legislature would have passed the act with section 1 excluded, and therefore if section 1 is invalid the whole act must fall. As the whole act must be declared unconstitutional if section 1 is invalid, appellees are entitled to urge this objection although the organization of this district is attempted to be made under section 6. *People* v. *Huff,* 249 Ill. 164.

Under the provisions of section 1 a school township may be organized into a high school district provided it contains a school district having a population of over 1000 and less than 100,000. Under the holding in *People* v. *Painter, supra,* and *People* v. *Swift, supra,* a single township cannot be organized into a high school district unless it complies with the requirements of section 1. The only territory, aside from the school township described in section 1, which can be organized under the act into a township high school district is a part of a township or townships. Thus, two adjoining townships may have identically the same population, may be possessed of the same wealth, may have the same number of cities or villages similarly located, and yet, because of the difference in the division of the two towns into school districts, one would be entitled to organize into a township high school district under this act and the other would not. A part of such town not able to organize under section 1 of the act could, however, be organized into a township high school district under section 6. No provision is made in the act for a whole township not possessing the requirements prescribed in section 1

to organize, in conjunction with a part or parts of adjoining townships, into a high school district, as under the construction placed upon the act in *People* v. *Painter, supra,* there can be organized into a township high school district, under section 6, only a part of a township or parts of townships. While the legislature may make classification as a basis for legislation in proper instances, the general rule is that a classification will suffice as a basis for legislation only where such classification is based upon a rational difference of situation or condition found to exist in the persons or objects upon which the classification rests. (*People* v. *Knopf,* 183 Ill. 410; *L'Hote* v. *Village of Milford,* 212 id. 418; *Douglas* v. *People,* 225 id. 536; *Dawson Soap Co.* v. *City of Chicago,* 234 id. 314; *People* v. *Nellis,* 249 id. 12; *Greene* v. *Fish Furniture Co.* 272 id. 148.) The classification made in section 1 of the act is not based upon any rational difference of situation or condition. We can perceive of no reason why a township which contains a school district of more than 1000 and less than 100,000 inhabitants can be said to differ from an adjoining township having the same population, the same wealth, the same need of a high school, the same number of cities and villages similarly located, but which has a different division of its territory into school districts. Under the provisions of this act it is impossible for a whole township, as a single unit, to organize into a township high school district unless it contains a school district of the population described in section 1, but however meager the population, and without regard to the wealth or necessities of the community, a part of any township may organize into a township high school district. By this act the inhabitants of a township containing such a school district as is described in section 1 are given special privileges which are denied to the inhabitants of other districts of like population and similarly situated.

The situation here presented is identical with that presented in *People* v. *Rinaker,* 252 Ill. 266, where it was held

that the Forest Preserve act of 1909 violated that part of section 22 of article 4 of the constitution here relied upon, for the reason that the benefits of the law were not made available to all citizens similarly situated. That act authorized the incorporation as a forest preserve district of any area of contiguous territory lying wholly within one county containing within its boundaries one or more cities, towns or villages, on the petition of 1000 legal voters residing within the limits of the proposed district. It provided that but one forest preserve district might be created in any one county. It was urged in that case that forest preserve districts were not among the subjects specifically enumerated in section 22 of article 4 of the constitution, and would therefore not come within the prohibition against the passage of local or special laws. In passing upon this question we there said: "Conceding that the word 'corporation,' as there used, means private corporations and not municipal bodies, is the act under consideration discriminative between citizens in that it confers special privileges on some which are denied to others similarly situated? If the power exists in the legislature to authorize the organization of corporations for the preservation of forests, it is necessary to a valid exercise of that power that the benefits of the law shall be available to all citizens similarly situated upon complying with the requirements of the act,"—and we held that the statute was clearly in violation of both the letter and the spirit of the constitution. For the reasons there given, the Township High school act of 1911 must be held to violate section 22 of article 4 of our constitution.

In *People* v. *Crossley,* 261 Ill. 78, where the constitutionality of this act was attacked upon another ground, it was held that the act did not operate to repeal the general School law of 1909 but that both acts remained in full force and effect, and it was also held that the only effect of the passage of both acts was to give the citizens of the State who desired to organize high school districts an option to

proceed under the particular act which seemed best suited to local conditions. While it is true that under the act of 1909 any school township may organize into a high school district, the mere fact that that act is still in existence and an opportunity is thus afforded the inhabitants of any township to organize a high school district under it, cannot affect the validity of the act of 1911. That act, as was held in the *Crossley case,* is a complete and independent act. Its validity cannot be determined by the provisions of the act of 1909 or of any other independent act. It must stand or fall from a consideration of its own provisions.

It is urged that section 22 of article 4 of the constitution does not apply to the formation of school districts, and our attention is called to section 1 of article 8 of the constitution, which is as follows: "The General Assembly shall provide a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education;" and *People* v. *Moore,* 240 Ill. 408, and other cases, are cited in support of the proposition that a high school is a department of the common or free schools of the State. We are unable to perceive wherein that section supports the contention made. The effect of that section of the constitution, as we view it, is contrary to the contention made. By that section the General Assembly is commanded to provide a thorough and efficient system of free schools whereby *all* children of the State may receive an education. By the provisions of the act of 1911 discrimination is made among the inhabitants of different townships, whereby some may be denied the privilege of organizing the territory in which they reside into a township high school district and thus be denied the opportunity to receive a free education at such an institution.

It is contended that this court has held in a number of cases that no constitutional limitation has been placed on the legislature with reference to the formation of school districts, and our attention has been called to *Speight* v.

*People,* 87 Ill. 595, *Fuller* v. *Heath,* 89 id. 296, *Land Comrs.* v. *Kaskaskia Commons,* 249 id. 578, and *People* v. *Chicago and Illinois Midland Railway Co.* 256 id. 488. The question here under consideration was not involved in any of those cases and the language there used must be considered with reference to the questions there involved. It was not intended in those cases to hold that the legislature might, if it saw fit, provide for the organization of school districts in a part of the State, only. While, as those cases hold, no constitutional limitation has been placed on the legislature with reference to the formation of school districts, when the legislature has adopted a plan for the formation of school districts the other provisions of the constitution require that such plan shall be uniform and shall apply to all the citizens of the State similarly situated.

It is finally urged that inasmuch as this act was passed in 1911 and various township high school districts have been formed under it and the act has been construed by this court in numerous cases, we should decline to consider the constitutionality of the act under the authority of *Richter* v. *Burdock,* 257 Ill. 410. In that case was involved the question of the constitutionality of the Municipal Court act of the city of Chicago. No objection was made to any of the provisions of the act or to the act as a whole, except that it had not been passed in the manner required by the constitution. Considering the fact that the act, after it had been passed, had been adopted by a popular vote of the citizens of Chicago, had been amended thereafter repeatedly by the legislature and its constitutionality had been questioned repeatedly in this court, together with the fact that disastrous results would follow through holding the act unconstitutional, we held that that question was no longer open for consideration. The same situation does not exist in this case. It is true that a number of township high school districts have been organized under this act, that its constitutionality was questioned on another ground in *People* v.

*Crossley, supra,* and that we have construed the provisions of the act in a number of cases, but this precise question has never before been presented to us. It concerns the substance of the act itself. By refusing to now consider this question, although it is presented for the first time, on the ground that a number of districts have been formed under the act and the result of holding the act unconstitutional will work a hardship upon such districts, we would deny redress to those who are discriminated against by the provisions of the act and who have had no opportunity to be heard. It does not necessarily follow, if this act is held to be invalid, that great financial loss and public inconvenience will result in many high school districts which have organized and are in operation. The general School law of 1909 provides for the organization of township high school districts, and while the procedure there prescribed for organizing districts differs from that followed in the districts which attempted to organize under the act of 1911, such districts, when fully organized and equipped, would undoubtedly be held to be *de facto* districts. The same argument advanced here was made in *People* v. *Lease,* 248 Ill. 187, where a judgment of ouster in a *quo warranto* proceeding was affirmed, and we there said: "This suggestion overlooks the rule that the remedy by an information in the nature of *quo warranto* is not a matter of absolute right but is a subject for the exercise of a sound judicial discretion, and that considerations of the public interest or convenience, as well as unreasonable delay or acquiescence on the part of the persons complaining, will justify a refusal to grant leave to file an information or to proceed to judgment. (*People* v. *Hanker,* 197 Ill. 409; *People* v. *Schnepp,* 179 id. 305.) The principle would have full application in the cases referred to but is without force in this case, in which the order for the organization of the district was made August 18, 1909, the petition for leave to file the information was filed January 1, 1910, and it does not appear that any cor-

porate action was attempted in the meantime." As the organization of such districts could be directly attacked only by an information in the nature of *quo warranto,* the holding in *People* v. *Lease, supra,* would be applicable. To the same effect are *People* v. *Rendleman,* 250 Ill. 289, and *People* v. *Boyd,* 256 id. 9.

Although we have in mind the rule that all presumptions are in favor of the validity of an act and in case of reasonable doubt are to be resolved in favor of the act, we are compelled to hold that this act is clearly in violation of the constitution. In this view of the case it is unnecessary for us to consider the other questions raised.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE FARMER, dissenting.

Mr. JUSTICE CARTER, specially concurring:

I concur in the conclusion reached in the foregoing opinion that the statute is unconstitutional but not in all the reasons given for its unconstitutionality. On the facts as set forth in the opinion I think the law is unconstitutional as being in violation of section 1 of article 8 of the constitution, which requires that the General Assembly "shall provide a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education." In discussing this provision of the constitution with reference to high schools, this court has said that laws establishing high schools must be grounded upon such terms and conditions that the same privileges must in all cases be extended equally to all children under the same circumstances. (*People* v. *Moore,* 240 Ill. 408; *Richards* v. *Raymond,* 92 id. 612.) This law does not give the same privileges to all children similarly situated.

I do not, however, think the law is unconstitutional because it is in violation of section 22 of article 4 of the

constitution, which provides that the General Assembly is prohibited from passing any local or special law providing for the management of common schools. This language is much less comprehensive than that of section 1 of article 8 heretofore quoted. This court has said the word "management," in section 22, was advisedly used, and relates to the management of the common schools in imparting instruction and does not relate to the manner of providing necessary funds for their support nor any other thing not connected with their management. (*Speight* v. *People,* 87 Ill. 595; *Fuller* v. *Heath,* 89 id. 296; *Land Comrs.* v. *Kaskaskia Commons,* 249 id. 578; *People* v. *Chicago and Illinois Midland Railway Co.* 256 id. 488.) Special laws on subjects not enumerated in the constitution are only prohibited where a general law can be made applicable. Whether a general law is or is not applicable to a given situation is a question for the legislature and not for the courts. (*Pettibone* v. *West Chicago Park Comrs.* 215 Ill. 304; *Herschbach* v. *Kaskaskia Sanitary District,* 265 id. 388.) The reasoning in the case of *People* v. *Rinaker,* 252 Ill. 266, cannot control here. The subject of the Forest Preserve act is not included or mentioned anywhere in the specific provisions of said section 22 of article 4. School laws are specifically dealt with in said section 22. Having thus provided for certain limitations upon the power of the General Assembly with respect to passing of school laws, the general clause providing that the legislature shall not pass local or special laws can only apply to school laws as to the management of schools, for in the construction of statutes, when general words follow an enumeration of particular things, such general words are held to apply only to cases and things of the same kind as those which are referred to specifically. *City of Clinton* v. *Wilson,* 257 Ill. 580, and cases cited.