---

(No. 11393.—Judgment affirmed.)
THE PEOPLE *ex rel.* C. R. Patterson, State's Attorney, *et al.* Appellants, *vs.* I. W. WOODRUFF *et al.* Appellees.

*Opinion filed October 23, 1917.*

1. SCHOOLS—*curative act of 1917 does not purport to validate the High School act of 1911.* The curative act of 1917, relating to high school districts, does not purport or attempt to validate the invalid High School act of 1911 but only to validate the organization of high school districts in the situation described in the act itself.

2. CONSTITUTIONAL LAW—*the curative act of 1917 is valid.* The curative act of 1917, relating to high school districts, in so far as it purports to validate the organization of certain high school districts coming within the terms of the act, is a valid law.

APPEAL from the Circuit Court of Moultrie county; the Hon. GEORGE A. SENTEL, Judge, presiding.

C. R. PATTERSON, State's Attorney, (W. G. COCHRAN, CLIVE C. MARTIN, and WHITLEY & FITZGERALD, of counsel,) for appellants.

J. L. McLAUGHLIN, FRANK J. THOMPSON, EDWARD C. CRAIG, and DONALD B. CRAIG, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On December 18, 1916, the State's attorney of Moultrie county, on the relation of sixty-seven persons, petitioned the circuit court of the said county for leave to file an information in the nature of *quo warranto* against the respondents, who are the president and members of the board of education of Bethany High School District No. 146 of the counties of Moultrie, Macon and Shelby, and also the county superintendent of schools of Moultrie county. It was averred in the petition that the petitioners are residents and land owners within the limits of the said alleged high school district, and that said district comprises territory in the townships of Marrowbone, Dora and Sullivan, in Moultrie county, in Milan township, in Macon county, and in Penn township, in Shelby county. It was further alleged that the district was organized and is conducting a township high school under what is known as the Township High School act passed June 5, 1911, which act was held unconstitutional by this court in *People* v. *Weis*, 275 Ill. 581. The petitioners also relied upon allegations, in substance, that the territory in said district was not contiguous and compact within the meaning of the law, and upon certain other alleged defects not material for the purposes of this opinion. In response to a rule of the court appellees filed affidavits in support of their motion to dismiss the petition and to deny leave to file the information, setting forth that the board of education was elected December 31, 1915, and was immediately organized and proceeded to discharge its duties after said election; that on February 19, 1916, pursuant to a proper petition and notice, an election was held and the propositions were carried to select and purchase a building site and to issue bonds in the sum of

$40,000 to pay for the building site and to build a high school; that said bonds have been issued and sold at their par value and the purchase price paid to the school treasurer of the said district; that $2318 had been paid for the school site by the said district and the proper deed obtained; that an architect had been employed to provide plans and had furnished the same, and a contract for a building had been entered into to cost $29,690; that said board had let contracts for ventilating and heating, $4350, for electrical work, $920, for plumbing, $2639, for a well, $177.75, and for a water system, $735; that the total amount of the contracts aforesaid is $40,839.75, and that about $21,000 has already been paid to the contractor for the erection of said building; that a superintendent of schools and teachers had been employed and that the high school had been in progress in certain rooms rented for such purpose; that taxes had been levied and assessed to meet said expenses before the petition for leave to file the information was filed, and that petitioners had full knowledge of all of said facts. It was further averred in the affidavits that a majority of the inhabitants of the said alleged district voting on the proposition at an election called for the purpose of organizing such territory into a high school district by the county superintendent of schools of Moultrie county on December 14, 1915, voted in favor of such organization, and that at a subsequent election, similarly called and held as aforesaid, said board of education was chosen. The affidavits further set forth that the elections and the organization of said district were held and accomplished in pursuance of the provisions of said act of June 5, 1911, and that the high school district is composed of fifty-six sections of contiguous and compact territory. The petition of appellants contained an exhibit showing that said alleged school district is composed of fifty-six sections of contiguous and compact territory. The circuit court, on consideration of the affidavits and the petition of appellants, denied leave to

file the information and dismissed the petition at the costs of appellants, and from that order and judgment they have prosecuted this appeal.

Pending this appeal the General Assembly passed, with an emergency clause, "An act to legalize the organization of certain high school districts," which was approved by the Governor June 14, 1917. (Laws of 1917, p. 744.) The first section of said act provides: "That in all cases where a majority of the inhabitants of any contiguous and compact territory voting on the proposition, having voted at any election called for the purpose by a county superintendent of schools in favor of the organization of such territory into a high school district, and when at a subsequent election similarly called and held a board of education has been chosen for such district, each such election is hereby made legal and valid and such territory is hereby declared legally and validly organized and established as a high school district, and a valid and existing school district and body politic and corporate of this State for the purpose of establishing and maintaining a high school. The board of education acting for each such district is hereby declared to be the duly constituted corporate authority thereof, and each such board shall hereafter consist of a president and six members, and shall be elected and organized in the same manner and have the powers and discharge the duties of boards of education of school districts as provided by sections 123, 125, 126, 126a and 127 of an act of the General Assembly of the State of Illinois entitled, 'An act to establish and maintain a system of free schools,' approved June 12, 1909, as said sections now exist or may from time to time be amended." Section 4 of the act provides that all pending actions attacking the organization of districts coming under the provisions of the act should abate.

After this validating act was passed appellees filed in this case a motion to abate this proceeding, setting forth the provisions of said act as ground for the motion. If

the act is a valid enactment the organization of Bethany High School District No. 146 of the counties of Moultrie, Macon and Shelby must necessarily be held to be a valid organization and the order and judgment of the court be affirmed.

It is insisted by appellants that the curative act is void because (1) it violates section 22 of article 4 of the constitution, which prohibits the passage of a local or special law granting special rights and privileges, etc.; (2) because it violates section 10 of article 9 of the constitution; (3) because it violates section 2 of article 2 of the constitution; (4) because it violates section 13 of article 4 of the constitution; and (5) that the act invades the province of the judicial department.

The same contentions as above enumerated have been considered by this court in other cases similar in character to the instant case. The curative act was in all of those cases decided to be legal and valid and not subject to any of the objections raised by the appellants. For the reasons set forth in the opinions in those cases we hold that the act is valid. *People* v. *Madison,* (*ante,* p. 96;) *People* v. *Dix,* (*ante,* p. 158;) *People* v. *Fifer,* (*post,* p. 506;) *People* v. *Stitt,* (*post,* p. 553.)

It is also contended by appellants in this case that the legislature cannot by a curative act render valid an unconstitutional act, and that therefore the legislature has attempted by the curative act to do what it could not do by the original act. The legislature did not by this curative act purport or attempt to legalize the act of June 5, 1911. That act had already been declared by this court as void because it was discriminatory. (*People* v. *Weis, supra.*) The act is still void notwithstanding the curative act, and no school district can be organized in the future under that act that will be valid. The curative act only purports to legalize school districts mentioned in said section 1 of the curative act that were invalid at the time they were organ-

ized because not organized according to the provisions of any valid law, and does not purport to create or authorize the creation of any district in the future. The act applies to any school district that was attempted to be organized under any of our high school acts which are in the class mentioned in said section 1 and which are invalid because not organized in accordance with the requirements of the statutes that are valid laws. The substance of our holding is that the legislature can by its own enactments create school districts of the character of the one now in question, and can pass a legal and valid act authorizing the organization of high school districts in the identical manner that this district was attempted to be organized, and that the legislature has the power, for those reasons, to validate school districts organized under the act of 1911 although that act is unconstitutional.

The judgment of the circuit court denying leave to file the information and dismissing the petition at the cost of appellants is affirmed.                *Judgment affirmed.*