(No. 11610.—Judgment affirmed.)
THE PEOPLE *ex rel.* James Geelan *et al.* Appellants, *vs.*
THOMAS ROE *et al.* Appellees.

*Opinion filed December 19, 1917.*

1. SCHOOLS—*curative act of 1917 requires only a majority of inhabitants "voting" to establish a high school district.* To establish the organization of a high school district under the curative act of 1917 it is not necessary that a majority of the inhabitants of the district shall have voted for the proposition but only that a majority of those "voting on the proposition" must have voted for such organization.

2. Other questions in this case are controlled by the decisions in *People* v. *Madison,* 280 Ill. 96, *People* v. *Howell,* id. 477, *People* v. *Fifer,* id. 506, and *People* v. *Stitt,* id. 553.

APPEAL from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

WAYNE H. DYER, State's Attorney, (ROBILLARD, ROBILLARD & HENRY, of counsel,) for appellants.

C. M. CLAY BUNTAIN, and WERNER W. SCHROEDER, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Upon a petition filed in the circuit court of Kankakee county in the name of the People, on the relation of James Geelan and others, leave was granted to file an information in the nature of *quo warranto* to require Thomas Roe and six others therein named to show by what authority they claimed to hold and exercise the offices of president and members of the board of education of Township High School District No. 195. In response to the rule entered, the respondents (appellees here) filed four pleas. By the first plea they set up all the steps taken to organize the township high school district under the High School act of June 5, 1911, which was held to be invalid in *People* v.

*Weis*, 275 Ill. 581. Appellants concede that this plea was sufficient to show a *de jure* organization provided the High School act of 1911 was valid. The second and third pleas sought to interpose the defenses of *laches*, acquiescence and estoppel of appellants. The fourth plea set up verbatim the curative act of June 14, 1917, and stated that at the election held for that purpose there were 58 votes for and 32 votes against the organization of the high school district. Demurrers to each of these pleas were overruled, and as appellants elected to stand by their demurrers the information was dismissed at their costs. This appeal has been perfected to review that judgment.

The curative act of June 14, 1917, has received the consideration of the court in *People* v. *Madison*, 280 Ill. 96, *People* v. *Howell*, id. 477, *People* v. *Fifer*, id. 506, and *People* v. *Stitt*, id. 553, where its validity was upheld and where all the objections urged here by appellants were considered.

It is contended that the curative act intended only to validate the organization of a district where it appeared that a majority of the inhabitants of the territory included therein voted for the organization, and that as it does not appear from the fourth plea that a majority of such inhabitants so voted, the plea is bad. The act provides "that in all cases where a majority of the inhabitants of any contiguous and compact territory voting on the proposition, having voted * * * in favor of the organization," etc., the act shall apply. The plea states that of those voting on the proposition 58 voted for and 32 against the organization, and shows a situation in that respect where the act applies.

The demurrers were properly overruled to the first and fourth pleas, and as those pleas presented a complete answer and defense to the information it is unnecessary to notice the second and third pleas.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*