(No. 11613.—Judgment affirmed.)

THE PEOPLE *ex rel.* A. G. GREEN *et al.* Plaintiffs in Error, *vs.* WILLIAM F. KIMMEL *et al.* Defendants in Error.

*Opinion filed February 20, 1918.*

1. SCHOOLS—*on petition for quo warranto an averment that high school district is not compact and contiguous is a mere conclusion of pleader.* In a petition for *quo warranto* attacking the organization of a high school district, an averment that the district is not compact and contiguous, in the absence of allegations showing its location, area and situation, is a mere conclusion of the pleader.

2. Other questions in this case are controlled by the decision in *People* v. *Madison,* 280 Ill. 96.

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. GEORGE A. SENTEL, Judge, presiding.

S. S. DuHAMEL, State's Attorney, (P. M. MOORE, of counsel,) for plaintiffs in error.

W. THOMAS COLEMAN, EDWARD C. CRAIG, DONALD B. CRAIG, and FRED H. KELLEY, for defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

On January 27, 1917, the presiding judge of the circuit court of Douglas county granted leave to the People, on the relation of S. S. DuHamel, State's attorney of that county, to file an information in the nature of *quo warranto* against William Kimmel and six others, requiring them to show by what right and authority they were exercising the functions and privileges of a board of education of a high school district designated as Atwood Township High School District No. 154 of Douglas, Piatt and Moultrie counties. The petition was filed at the instance of sixteen residents and tax-payers of the alleged high school district and was designed to question the legality of its organization. Thereafter, on March 12, 1917, defendants in error entered their motion to vacate the order granting leave to file the infor-

mation and to dismiss the petition and abate the proceedings. A hearing was had on this motion March 16, 1917, the motion was allowed and the order granting leave to file the information was vacated, the information dismissed and further proceedings abated. This writ of error followed.

The petition filed in support of the motion for leave to file the information challenges the validity of the district on the ground that the proceedings for the organization of the high school district were had under the·provisions of section 6 of the act of 1911, which act was held void in *People* v. *Weis*, 275 Ill. 581; that signatures to the petition for the calling of the election for the organization of the district were obtained by fraudulently misrepresenting to the voters that unless they were in favor of organizing such high school district the territory would be included in some other district; that the county superintendent of schools of Douglas county, who called the election, failed to designate which of the three counties contained the major portion of the population of such proposed territory but called the election to be held in Piatt county; that the officers who conducted the election only provided those with ballots who voted at such election for such proposition but would not provide voters with ballots marked "against" said proposition; that the territory included in said alleged district was not compact and contiguous in the manner contemplated by the statute in this: that it took the parts of three counties and territory very remote from said site where it was proposed to hold said school, and discriminated against territory entitled to the benefits of said school in that it took territory adjoining three sides of the village of Garrett and omitted all teritory included in the village of Garrett.

One hundred and ninety affidavits were filed in support of the motion to vacate the order granting leave to file the information and to abate the proceedings. From these affidavits it appears that the election to vote on the question of organizing the high school district was held on Novem-

ber 12, 1915, at which 243 votes were cast in favor of and 40 votes against the proposition of organizing such high school district; that on December 11, 1915, an election was held at which the respondents were declared the duly elected members of the board of education of such district, and that they thereupon qualified and entered upon the discharge of their duties as such officers; that on December 27, 1915, an election was held for the purpose of voting upon the proposition of issuing bonds to purchase a school house site and erect a school building thereon, at which 186 votes were cast in favor of the proposition and 35 votes against it; that thereafter a high school site was purchased, bonds were issued to the amount of $50,000 and a contract was let for the construction of a high school building, which was practically completed on January 29, 1917, on which date it was destroyed by fire. Teachers for the high school were employed on February 26, 1916, and ever since that time a high school has been conducted within such high school district in a building rented for that purpose. At the time of the hearing seventy-two pupils were enrolled as students in such high school.

The principal ground relied on in the petition for leave to file and in the arguments made in this court for a reversal of the judgment of the lower court is the invalidity of the act of 1911, under which the district was attempted to be organized, as held by this court in *People* v. *Weis, supra.* Since the rendition of the decision in that case the legislature has passed the act known as the curative act of June 14, 1917, entitled "An act to legalize the organization of certain high school districts," which legalized the proceedings had for the organization of high school districts under the act of 1911. This act provides, among other things, that in all cases where a majority of the inhabitants of any contiguous and compact territory voting on the proposition have voted at any election called for the purpose by the county superintendent of schools in favor of the organi-

zation of such territory into a high school district, and at a subsequent election similarly called have chosen a board of education for such district, such elections are made legally valid and such territory declared organized and established as a high school district and a body politic and corporate for the purpose of establishing and maintaining a high school, and the board of education of such district is declared to constitute the corporate authorities thereof.   All acts and proceedings theretofore done, had or performed by each such district, and the persons from time to time elected and acting as the board of education thereof, such as are authorized to be done by school districts or boards of education by the general School law of this State, are declared to be legal and valid and all pending actions attacking the organization of districts coming under the provisions of such act are directed to be abated.   (Laws of 1917, p. 744.)

The constitutionality of this curative act has been sustained in a number of cases, among them *People* v. *Madison,* 280 Ill. 96, *People* v. *Woodruff,* id. 472, *People* v. *Howell,* id. 477, *People* v. *Fifer,* id. 506, *People* v. *Stitt,* id. 553, and *People* v. *Taylor,* 281 id. 355, so that it is now unnecessary to discuss the validity of such act.   The act is broad enough in its terms to cure not only the defects in the organization of this district by reason of the unconstitutionality of the act of 1911, but also the irregularities complained of in the manner of calling and conducting the election.   The affidavits filed on the part of defendants in error show a full compliance on the part of the officers and board of education of this high school district with the provisions of the curative act.   *People* v. *Madison* and the other cases cited were proceedings by *quo warranto* to test the legality of the organization of high school districts attempted to be organized under the provisions of the act of 1911, and we there held that the provisions of the curative act extended to the high school districts attempted to be organized under such act, and that a proceeding by *quo warranto* to ques-

tion the validity of such high school districts would not lie where the record showed a compliance with the provisions of such curative act. The decisions in those cases are controlling here.

The averment in the petition that the district was not compact and contiguous, in the absence of allegations showing its location, area and situation, is a mere conclusion of the pleader. From the affidavits filed it appears that only a few land owners reside at any considerable distance from the school.

For the reasons given the judgment of the lower court will be affirmed.

*Judgment affirmed.*