(No. 11880.—Judgment affirmed.)

THE PEOPLE *ex rel.* Joseph F. Lynn *et al.* Appellants, *vs.*
FRED W. CRAFT *et al.* Appellees.

*Opinion filed February 20, 1918.*

1. SCHOOLS—*curative act of 1917 applies to high school districts
organized under section 1 of the act of 1911.* The high school dis-
trict curative act of 1917 is not limited to the organization of a dis-
trict under section 6 of the invalid act of 1911 but may be applied
as well to the validation of a school district attempted to be organ-
ized under section 1 of said act out of territory comprising simply
a school township.

2. PRACTICE—*when court should dispose of demurrer to plea be-
fore dismissing suit.* Where a statute goes into effect while a *quo
warranto* suit is pending and operates to defeat the right of action,
the court should not dismiss the suit, on motion of the defendants,
without disposing of a demurrer to the plea filed to the information,
but should decide the case on the demurrer under the new statute.

3. APPEALS AND ERRORS—*errors not going to merits of the case
will not operate to reverse a proper judgment.* Where the judg-
ment of the trial court is clearly right upon the merits, intervening
errors, or errors that do not go to the substance or merits of the
case, will not operate to reverse the judgment.

4. Other questions in this case are controlled by the decisions
in *People* v. *Madison,* 280 Ill. 96, and *People* v. *Stitt,* id. 553.

APPEAL from the Circuit Court of Ogle county; the
Hon. RICHARD S. FARRAND, Judge, presiding.

WILLIAM J. EMERSON, State's Attorney, GARDNER &
GARDNER, and DIXON & DIXON, for appellants.

SHERBURN V. WIRICK, and FRED A. WIRICK, for ap-
pellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The State's attorney of Ogle county, on leave granted,
filed an information in the nature of *quo warranto* in the
circuit court of that county on the relation of Joseph F.

Lynn and others against appellees, Fred W. Craft, A. B. Sheadle, Elmer Smith, William J. Huston, Anna Graham, Charles Cooper and Ada Kahler, calling upon them to show by what warrant they claimed to hold and execute the offices of president and members of the board of education of·a certain high school district known as district No. 212 in the counties of Ogle and Lee. Appellees filed a plea averring facts showing a full compliance was made in all particulars with the requirements of section 6 of the act of June 5, 1911, recently held unconstitutional by this court in *People* v. *Weis,* 275 Ill. 581, in an attempt to organize said district as a high school district, and the facts therein averred are sufficient to show that said act was fully complied with and that said district would have been a legally organized district if said act had been a valid act. Following the decisions of this court the trial court sustained a general demurrer to said plea on the ground that said act is invalid. By leave of court some minor amendments were made to the plea of appellees on May 31, 1917. To this plea as amended a demurrer was interposed by appellants. While the demurrer was pending, appellees, on July 9, 1917, moved the court to enter an order abating the proceedings under the provisions of the curative act of June 14, 1917. On October 25, 1917, with the demurrer still pending to the amended plea and undetermined, the court dismissed the entire proceedings without disposing of the demurrer to the plea. This appeal was then perfected to this court on the ground that the constitutionality of the curative act was involved.

Appellants state in their brief and argument that there are no disputed facts and that the allegations in the plea are true; "that on April 26, 1916, a petition signed by the requisite number of legal voters was filed with the county superintendent of schools of Ogle county for the calling of an election in contiguous and compact territory lying partly in four townships in Ogle and Lee county, for the purpose

of submitting to voters of the territory the proposition 'For' or 'Against' the organization of the territory into a high school district. The election was called in compliance with the act of June 5, 1911, and held on May 16, 1916. At this election 298 votes were cast for and 256 against the proposition submitted. The county superintendent of schools declared that the proposition carried and designated the territory as school district No. 212. At a subsequent election the appellees were elected as president and members of a board of education for this district. On June 23, 1916, the appellees met and organized as such board, and since that date have maintained a high school within the alleged district for the benefit of the inhabitants thereof."

The errors argued by appellants in this court are, in substance, (1) that the court erred in entering the order quashing the writ and dismissing the proceedings without disposing of the demurrer to the plea; and (2) that the court erred in not sustaining the demurrer to the plea and entering a judgment of ouster against appellees.

Appellants' second assignment of error is based upon the proposition that the validating act is invalid because it violates section 22 of article 4 of the constitution, which provides that the General Assembly shall not pass local or special laws granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever. A very ingenious argument is made by appellants under this heading of their brief. They lay down as a major premise of this argument the proposition that the curative act of 1917 legalizes only those districts organized by elections held in contiguous and compact territory; that it does not legalize those districts organized in territory comprising or containing a school township, "for such a territory is not contiguous and compact territory, as that phrase has been construed previously by this court." As authority for that proposition they cite *People* v. *Painter*, 267 Ill. 473, *People* v. *Swift*, 270 id. 532, and *People* v.

*Weis, supra.* Appellants' argument then proceeds upon the theory that under the validating act a township high school district organized under section 1 of said invalid act, comprising simply a school township, could not be validated under any circumstances by the validating act, while the same sized and same shaped territory, containing the same local conditions as to population, wealth, etc., could be validated under the validating act if it were composed of six sections of one school township and thirty sections of another school township adjacent thereto.

Appellants are in error in their assumption that this court has ever decided that the term "compact and contiguous territory," within the meaning of the act of 1911, only refers to and includes a part of the territory of one township or parts of territory of two or more townships and cannot be applied to territory comprising but a single school township. The substance of the decisions of this court above cited on that question is that compact and contiguous territory composed of one school township, only, is merely the exception to section 6 of the act of 1911, providing that contiguous and compact territory may be organized into a high school district. They are also mistaken in their assumption that the act of June 14, 1917, does not attempt to validate, or cannot validate, a high school district attempted to be organized under section 1 of the void act. The express holding of this court in *People v. Madison,* 280 Ill. 96, is, that the validating act applies "to every attempted organization of a high school district, whether in attempted compliance with the act of 1911 or that of 1895, or without compliance with any statute, so long as there had been an election called by the county superintendent of schools, a majority of the inhabitants of contiguous and compact territory voting on the proposition and a subsequent election similarly called of a board of education." The act is not limited to an organization of a district under section 6 of the void act, but may be applied as well to the valida-

tion of a school district attempted to be organized under section 1 of the void act.

All of the other questions raised by appellants as to the constitutionality of said act have been settled by a great number of decisions of this court and the validity of the validating act is no longer an open question.

Appellants' second contention cannot be sustained, and for the reasons set forth in the following decisions it is overruled: *People* v. *Madison, supra; People* v. *Stitt,* 280 Ill. 553; *People* v. *Fifer,* id. 506; *People* v. *Ryan,* 281 id. 231.

Appellants are right in their contention that the court should have disposed of their demurrer instead of dismissing the suit without disposing of the demurrer. The court, however, should have applied the law then in force and under the provisions of the validating act have sustained the demurrer and entered a final judgment against appellants and in favor of appellees. There is no theory presented by the appellants in this case that is against the proposition that appellees were entitled to judgment on demurrer and to be held as legal officers of said district. They admit that the facts set up in the plea are true, and do not claim that they have any defense based on a denial of the facts in appellees' plea. From this record it does not appear that any objection was made before the lower court that its judgment should have been entered upon demurrer instead of the form appearing in the record and on motion to abate. Where the judgment of the trial court is clearly right upon the merits, intervening errors, or errors that do not go to the substance or merits of the case, will not operate to reverse the judgment. (4 Corpus Juris, 908.)

There being no reversible error shown in the record, the judgment of the circuit court is affirmed.

*Judgment affirmed.*