(No. 14444.—Judgment affirmed.)

THE PEOPLE *ex rel.* S. A. Steers *et al.* Appellants, *vs.* CARL S. MILLER *et al.* Appellees.

*Opinion filed October 21, 1922.*

1. QUO WARRANTO—*information charging usurpation by school district should make district a party.* An information in *quo warranto* against the president and members of a board of education is bad on demurrer, where it charges an usurpation by the school district but contains no charge against the respondents and does not make the district itself a party to the proceeding.

2. SAME—*deficiency of particular count not remedied by averments of other counts.* The sufficiency of a particular count in an information depends upon its own averments, and averments in other counts cannot be relied upon to supply a deficiency.

3. SCHOOLS—*when irregularities will not vitiate election.* Irregularities in an election of a board of education for a community high school district will not vitiate the election where the majority vote was properly registered and where the irregularities do not proceed from any wrongful intention, do not affect the result or deprive any legal voter of his vote.

4. SAME—*an information alleging that a district is not compact and contiguous must describe the territory.* In an information in *quo warranto* attacking the organization of a high school district, an allegation that the district is not compact and contiguous, is, in the absence of allegations showing the location, area and description of the territory, but a conclusion of the pleader and the information is open to demurrer.

5. SAME—*motive in organizing district is not within scope of inquiry.* In a proceeding by information in *quo warranto* attacking the organization of a high school district the motive of the persons organizing the district is not within the scope of the inquiry.

APPEAL from the Circuit Court of Pulaski county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

L. H. BOYD, State's Attorney, D. B. REID, and ASA J. WILBOURN, for appellants.

CHARLES E. FEIRICH, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The People, on the relation of S. A. Steers and others, on leave being had, filed in the circuit court of Pulaski county an information in *quo warranto* against Carl S. Miller and others, as president and members of board of education of Community High School District No. 36. The respondents demurred to the information and the demurrer was sustained, and the relators abiding their information, the court dismissed the same. The cause comes here for review.

The information appears to contain four counts. The first sets out the signing of the petition for an election in the territory; a description of the territory embraced in the district; the calling of the election; avers that the notices for the election were not posted throughout the district as required by law; that the election was not held under the Australian ballot system; that it was not held on Saturday, as required by law; that the judges and clerks were not properly appointed; that the returns of the election were not made in the time required by law. The information refers to certain evidence sustaining the charges of this count, attached thereto and marked "Exhibit A." This exhibit is a transcript of some of the proceedings, together with a plat of the territory sought to be organized. This count concludes with the following language: "Whereby said Community High School District No. 36, and the said privileges and franchises of the same, did unlawfully execute and misuse during the space of four months last past, * * * has usurped and still does usurp, to the damage and prejudice of the People," etc. This count contains no charge of usurpation against the respondents. The district itself was not

made a party to the proceeding. The demurrer was properly sustained.

The second count complains of irregularities in the election of the board of education, it being alleged that the members elected did not file petitions to have their names on the ballot, as required; that the notices posted in Mound City, in the district, called for an election to be held on August 12, 1920, while notices for this election posted at the Cross Roads balloting place, and at other places in the territory, called for an election to be held on the 21st day of August, 1920; that thereafter, on April 17, 1921, another election was held in which respondents were elected as president and members of the board of education, though no irregularity appears to be charged as to the election in April. The charges in this count relate to irregularities in the election of August 12. The count does not charge that there were not ten notices posted in the district, as required by law, showing the election to be on August 12. Irregularities in an election of this character, where the majority vote was properly registered, not proceeding from any wrongful intention, and which deprived no legal voter of his vote and did not change the result, will not vitiate the election. (*People* v. *Kinsey,* 294 Ill. 529; *Hodge* v. *Linn,* 100 id. 397.) It was not error to sustain the demurrer to this count of the information.

The third count charges that the territory embraced in the proposed district is not compact and contiguous; that the territory is irregular in shape and so situated that the inhabitants of the territory embraced in the high school district can have no opportunity of education. It charges that a certain main road extending north from Mound City is overflowed at different times of the year; that by reason of the overflowing of this road the people outside of Mound City cannot avail themselves of the use of the high school district. There is no description of the district included in this count. While, as we have seen, the exhibit attached to

the first count shows a plat of the district and contains a description of it, there is neither plat nor description in this count. The sufficiency of this count depends upon its own averments, and averments in other counts cannot be relied upon to supply a deficiency. (*People* v. *McDonald*, 208 Ill. 638.) In an information in *quo warranto* attacking the organization of a high school district, an averment that the district is not compact and contiguous, in the absence of allegations showing the location, area and description of territory, is but a conclusion of the pleader and is bad on demurrer. (*People* v. *Kimmel*, 282 Ill. 344.) It would be impossible to determine from this count of the information the location of the district complained of.

The fourth count charges on information and belief that the district was organized for purposes of taxation and not for purposes of education; that since its organization no changes to the advantage of any person living outside the corporate limits of Mound City have been made or attempted; and that the only difference in the management of the high school since the organization of the district is the election of one member of the board of education who resides outside the city. There is no allegation that the school is not legally organized. This is clearly insufficient. No facts are averred upon which a charge of usurpation can be based. There are no charges that the district is not a valid district. The motives in the minds of those organizing a school district are not within the scope of inquiry instituted by *quo warranto* proceedings.

The four counts of the information are unquestionably bad on demurrer, and the circuit court did not err in sustaining the demurrer thereto and in dismissing the information.

The judgment of the circuit court will therefore be affirmed.                        *Judgment affirmed.*