(No. 11536.—Judgment affirmed.)

THE PEOPLE *ex rel.* L. E. Vautrin *et al.* Appellants, *vs.*
W. D. MADISON *et al.* Appellees.

*Opinion filed October 23, 1917.*

1. SCHOOLS—*the legislature may authorize organization of high school district without any petition or vote.* The legislature may authorize the organization of high school districts out of compact and contiguous territory without requiring a petition for that purpose or a vote of the people on the question.

2. CONSTITUTIONAL LAW—*when curative statute may be enacted.* Where there is no constitutional prohibition the legislature may validate by a curative act any proceeding which it might have authorized in advance.

3. SAME—*when a curative act is not local or special law.* Classification for purposes of legislation cannot ordinarily be based entirely upon existing conditions; but this rule does not apply to curative legislation, and if the act applies to all cases in the same situation it is not subject to the objection that it is a special law because it applies only to existing conditions.

4. SAME—*curative act of 1917, validating organization of high school districts, is a valid law.* The curative act of June 14, 1917, in so far as it purports to legalize the organization of certain high school districts therein described, is a valid enactment and is applicable to all high school districts coming within its terms, although the organization was attempted under the invalid act of 1911.

5. SAME—*legislature cannot direct what judgments shall be entered in pending actions.* The legislature may enact statutes and change the law, but the application of the law to particular cases is a judicial function, and the adjudication as to what orders shall be entered in pending actions is the exercise of judicial power, which belongs to the courts and not to the legislature.

6. APPEALS AND ERRORS—*the Supreme Court will dispose of case according to law then existing.* If the right of the plaintiff to file an information in the nature of *quo warranto* is taken away by statute while the action is pending on appeal, it is the duty of the Supreme Court to decide the case according to the law then in force and not according to the law as it was when the decision of the lower court was rendered.

APPEAL from the Circuit Court of Woodford county; the Hon. GEORGE W. PATTON, Judge, presiding.

ERNEST J. HENDERSON, State's Attorney, and TICHENOR, TODD & WILSON, for appellants.

THOMAS KENNEDY, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

On December 30, 1916, the State's attorney of Woodford county presented to the circuit court, and asked leave to file, an information in the nature of *quo warranto* in the name of the People of the State of Illinois, on the relation of L. E. Vautrin and others, against W. D. Madison and six other persons, charging them with holding and executing without title or right the offices of president and members of the board of education of an alleged township high school district known as High School District No. 121, and requiring them to show by what warrant they claimed to hold and execute such offices. A rule was entered requiring the defendants to show cause by the first day of the next term why leave should not be granted. The defendants appeared at the next term and filed affidavits in opposition to the petition, and on April 9, 1917, leave was denied and the relators appealed.

During the pendency of the appeal the General Assembly passed, with an emergency clause, "An act to legalize the organization of certain high school districts," which was approved by the Governor on June 14, 1917. This act provided, among other things, that in all cases where a

280 – 7

majority of the inhabitants of any contiguous and compact territory voting on the proposition have voted at any election called for the purpose by a county superintendent of schools in favor of the organization of such territory into a high school district, and when, at a subsequent election similarly called and held, a board of education has been chosen for such district, each such election was thereby made legal and valid and such territory was thereby declared legally and validly organized and established as a high school district and a valid and existing school district and body politic and corporate of this State for the purpose of establishing and maintaining a high school. The board of education acting for each such district was declared to be the duly constituted corporate authority thereof, and all acts and proceedings theretofore done, had or performed by each such district, and the persons from time to time elected and acting as the board of education thereof, such as were authorized to be done, had or performed by school districts or boards of education thereof by the general School law of this State, were declared to be legal and valid in all respects.

The petition for leave to file the information shows that the attempted organization of the high school district was under the act of 1911, which was held unconstitutional in *People* v. *Weis,* 275 Ill. 581. The organization was therefore void. No authority of law existed for the organization of a high school district except that derived from section 85 of the general School law and the following sections. Organization of high school districts was, however, a lawful purpose. We may take judicial notice of the fact that many attempts were made to organize high school districts under the law of 1911, and from the unconstitutionality of that law it necessarily follows that the boards of education of those districts, in levying taxes, equipping and conducting high schools and incurring indebtedness for such purposes, were acting without authority of law. The General Assembly, in view of this situation, deemed it best for

the public interest that the high school districts so attempted to be organized should be regarded as valid districts and passed the act in question, which is general in its terms, making no express reference to the act of 1911 but applying to every attempted organization of a high school district, whether in attempted compliance with the act of 1911 or that of 1895 or without compliance with any statute, so long as there had been an election called by the county superintendent of schools, a majority of the inhabitants of ·contiguous and compact territory voting on the proposition and a subsequent election similarly·called of a board of education.

Where there is no constitutional prohibition the legislature may validate by a curative act any proceeding which it might have authorized in advance. (*People* v. *Militzer,* 272 Ill. 387; *People* v. *City of Rock Island,* 271 id. 412; *People* v. *Wisconsin Central Railroad Co.* 219 id. 94.) The legislature might have authorized the creation of a high school district out of any contiguous and compact territory by a vote of a majority of the inhabitants at an election called by the county superintendent of schools. There is no constitutional provision requiring a vote of the people for the establishment of a school district or prohibiting the passage of local or special laws establishing such districts. The legislature may provide for the organization, division or consolidation of districts, fix their boundaries and afterward change them as it deems best for the public interest, without any petition for that purpose and without any vote on the question.

It is objected that the curative act is unconstitutional because it violates section 22 of article 4 of the constitution, which prohibits the passage of any local or special law granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever. The act is not subject to this objection. In its general terms it applies to all cases of attempted organization

under like circumstances. No question could be raised as to the constitutionality of the act in this respect if it applied to future organizations. It would apply to any contiguous and compact territory in the State whose inhabitants saw fit to organize under its terms. The objection that it is a special law is based upon the proposition that no district can be organized in the future under its terms, and that therefore the privilege of being a high school district is conferred only upon those portions of territory which had attempted to organize at the time the law became effective. Classification for purposes of legislation cannot ordinarily be based entirely upon existing conditions, but this rule does not apply to curative legislation. Such legislation deals only with the past. It does not purport to establish a rule for future action but it deals with present conditions as a result of past action. Where some act necessary to the validity of official, municipal, corporate or other action has been omitted and the legislature might have authorized such action without the doing of the act which has been omitted, the legislature may subsequently make such action legal in the absence of the omitted act, and it is not necessary that the curative act should make such omitted act unnecessary in the future. The very object of a curative act is not to change the law governing future action but to waive some requirement of the law regarding past action, and it is often based solely on existing conditions to remedy which is the object of the act. If the act applies to all cases in the same situation it is not subject to the objection that it is a special law because it applies only to existing conditions.

A like objection, based upon a constitutional objection similar in principle, was made in the case of *State* v. *Brown,* 97 Minn. 402, in which was involved the validity of a statute purporting to legalize certain school district bonds, the proposition to issue which had not a two-thirds majority of all the legal voters present and voting at the election, as required by law at the time of the election, although such

proposition had received a two-thirds majority of all the
votes cast upon the proposition.   It was objected that the
law was special because applicable only to cities which had
voted for the issuance of bonds, but the court held that
curative statutes, or remedial acts which apply to all cases,
things or subjects which are affected by the conditions to
be remedied, are not special acts within the meaning of
constitutional prohibitions.   It was said : "Necessarily this
class forms an exception to the general rule that classi-
fication cannot be based upon existing conditions, alone.
The very object of the statute is to remedy a present con-
dition, and, if possible, avoid its repetition."   This case was
followed by the Supreme Court of Kansas in *Cole* v. *Dorr,*
80 Kan. 251, and *Pollock* v. *Kansas City,* 87 id. 205.

The act which legalized the organization of high school
districts by reason of an election at which the votes of
women were cast and decided the result of the election al-
though the existing law did not authorize women to vote
at such elections was held valid though it applied only to
those districts in which such elections had already been held
and did not authorize women to vote at such elections in
the future.   (*People* v. *Militzer, supra.*)   In *People* v. *City
of Rock Island, supra,* the curative act applied to cases of
annexation by one municipal corporation of the territory of
another corporation which had already been attempted and
did not apply to future cases of the same kind.   So in the
case of *Town of Fox* v. *Town of Kendall,* 97 Ill. 72, and
*Blake* v. *People,* 109 id. 504, the acts were entirely retro-
active and were held valid.   In 1904 a county board at-
tempted to levy a tax but did not specify the particular
purposes for which it was levied, and the levy was there-
fore invalid.   In 1905 the legislature passed an act declar-
ing all such levies legal and valid, and the act was sustained
although applicable only to cases in which such levies had
been made before the passage of the act.   *People* v. *Wis-
consin Central Railroad Co. supra.*

It is further contended that the act of June 14, 1917, violates section 10 of article 9 and section 2 of article 2 of the constitution, first, because it attempts to legalize the actions of corporate officers and bonds issued and contracts made by them without a vote of the people; second, because it would take without due process of law the property of tax-payers in satisfaction of such bonds and contracts so made valid. No bonds or contracts are involved in this proceeding, which questions only the corporate existence of a high school district and the right of the complainants to exercise the offices of president and members of the board of education. The bondholders and contractors, if there are any such, are not parties. Whether bonds issued or contracts made before the passage of the curative act are valid obligations of the district is a question which is not now necessary or proper to be decided. So far as the act attempted to legalize the creation of the high school district it was a valid enactment.

The act directs that all pending actions attacking the organization of districts coming under its provisions shall abate. The legislature is without authority to direct what orders shall be entered by a court in pending actions. It may enact statutes and change the law, but the application of the law to particular cases is a judicial function, and the adjudication as to what orders shall be entered in such cases is the exercise of judicial power, which does not belong to the legislature. We must dispose of the case under the law in force at this time, and not as it was when the judgment was rendered in the circuit court. (*Vance v. Rankin,* 194 Ill. 625.) Since the curative act this action attacking the organization of the district cannot be maintained, and the judgment of the circuit court must therefore be affirmed.                    *Judgment affirmed.*