(No. 11671.—Reversed and remanded.)

THE PEOPLE *ex rel.* Thomas Askew *et al.* Appellees, *vs.*
J. F. RYAN *et al.* Appellants.

*Opinion filed December 19, 1917.*

SCHOOLS—*when district must be regarded as validated by the curative act of 1917.* A high school district which comes within the terms of the curative act of 1917 must be regarded as validated even though the judgment of ouster was entered before the act took effect and the appeal from such judgment was not perfected until after the act took effect.

APPEAL from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding.

H. G. GREENEBAUM, for appellants.

J. H. McFADDEN, State's Attorney, and BERT W. ADSIT, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

On December 23, 1916, a petition for leave to file an information in the nature of *quo warranto* against J. F. Ryan and six others, calling upon them to show by what warrant they exercised the offices of president and members of the board of education of High School District No. 250, in Livingston county, was presented to the circuit court of that county. Upon leave granted the information was filed, a plea was interposed setting forth the organization of the district under the act of June 5, 1911, to which a demurrer was sustained, and on May 21, 1917, judgment of ouster was entered against the respondents. From this judgment an appeal was prayed and allowed upon the filing of a bond within thirty days. The appeal bond was filed on June 18, 1917.

During the interim between the rendition of the judgment and the perfecting of the appeal, and during the term of court at which the judgment was rendered, the General

Assembly passed an act with an emergency clause to legalize the organization of certain high school districts, which act was approved and became effective June 14, 1917. It is contended on the part of respondents that this enactment validated the organization of the district, while, on the other hand, appellees insist that the act is unconstitutional. In a number of cases recently decided we have considered this question and have held that the curative act is valid and effective to legalize the organization of the high school districts which it purports to affect. In *People* v. *Madison*, 280 Ill. 96, *People* v. *Dix*, id. 158, *People* v. *Howell*, id. 477, *People* v. *Fifer*, id. 506, *People* v. *Stitt*, id. 553, and other cases where we sustained the validity of the act, the same grounds were presented and considered which are urged here in support of the contention that the act is unconstitutional, and it is not necessary to discuss them further. We are bound to dispose of the case under the law in force when our decision is rendered and not as it was at the time of the judgment in the circuit court. (*People* v. *Madison, supra; People* v. *Dix, supra.*) The fact that the curative act was passed and became effective after the judgment was rendered and prior to the perfecting of the appeal does not change the situation. The effect is just the same as though the appeal had been perfected before the curative act became effective. While the circuit court followed the law as it then existed and correctly entered judgment of ouster, we must hold, in accordance with the curative act, that Township High School District No. 250 is legally organized.

The judgment of the circuit court is reversed and the cause remanded, with directions to overrule the demurrer to the plea.        *Reversed and remanded, with directions.*