(No. 11763.—Reversed and remanded.)
THE PEOPLE *ex rel.* Ira C. Kilgore *et al.* Appellees, *vs.*
ALBERT HECHT *et al.* Appellants.

*Opinion filed December 19, 1917.*

This case is controlled by the decisions in *People* v. *Madison,* 280
Ill. 96, *People* v. *Dix,* id. 158, and *People* v. *Gunn,* (*ante,* p. 244.)

APPEAL from the Circuit Court of Putnam county; the
Hon. CLYDE E. STONE, Judge, presiding.

BUTTERS & CLARK, and GEORGE W. HUNT, for appellants.

JAMES E. TAYLOR, State's Attorney, and BARNES & MAGOON, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

The same situation and the same question is presented
in this case as in *People* v. *Gunn,* (*ante.* p, 244.)   On June
24, 1916, by leave of court, the State's attorney filed an information
in the nature of *quo warranto* in the circuit court
of Putnam county charging that Albert Hecht and six others
were usurping the offices of president and members of the
board of education of High School District No. 732, in that
county, and requiring them to answer by what warrant they
claimed to hold such offices and exercise the corporate franchise.   A plea was filed setting up the organization of the
district under the Township High School act of June 5,
1911.   To this plea a demurrer was sustained and judgment
of ouster was entered.   From that judgment this appeal was
perfected, and after the appeal was taken the General Assembly
passed the curative act of June 14, 1917.

Appellees in their statement of the case insert a plat of
the district but in their brief and argument make no point
that the curative act does not apply because the district is
not compact.   For the reasons given in *People* v. *Gunn,*

*supra, People* v. *Madison,* 280 Ill. 96, and *People* v. *Dix,* id. 158, we hold that High School District No. 732 is legally organized.

The judgment of the circuit court is reversed and the cause is remanded, with directions to overrule the demurrer to the plea.   *Reversed and remanded, with directions.*

---

(No. 11490.—Judgment affirmed.)
MARTIN CURRAN, Defendant in Error, *vs.* THE WELLS BROS. COMPANY, Plaintiff in Error.

*Opinion filed December 19, 1917.*

1. WORKMEN'S COMPENSATION—*to hold employee bound by act of 1911 employer must show notice of the act was given or posted.* In order to show that an employee is bound by the provisions of the Workmen's Compensation act of 1911 because the employer has elected to come under the act, the employer must show that notice of the compensation provisions of the act was posted in the place of employment or was personally given the employee, as required by the act, although such employee may have otherwise known of the provisions of the act at the time of the hiring.

2. SAME—*what is not a compliance with statute as to posting notice of provisions of act in place of employment.* If the contract of employment of a laborer in the employ of a building contractor is terminated after he has worked upon two buildings and he is re-employed to work upon a third building, the fact that a notice of the provisions of the Workmen's Compensation act of 1911 was posted in the first two buildings does not show a compliance with the proviso of clause (*c*) of paragraph 3 of section 1 of the Workmen's Compensation act of 1911 if no notice was posted in the third building.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

LANDON & HOLT, for plaintiff in error.

FRANCIS J. WOOLLEY, for defendant in error.