# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

(No. 11722.—Judgment affirmed.)

THE PEOPLE *ex rel.* Olden C. Cofoid, County Collector, Appellee, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1917.*

1. TAXES—*curative act of 1917 validated high school taxes in districts affected.* The curative act of 1917, relating to high schools, is a valid law, and its effect was to validate high school taxes previously levied in districts coming within the provisions of the act.

2. SAME—*what sufficient to justify sustaining of high school tax.* On application by the county collector for judgment and order of sale for a delinquent high school tax, all that is necessary to show in such collateral proceeding is that the tax was levied by persons assuming to act as the board of education of the district in conformity with some law authorizing the organization of high school districts, under which said board was elected and met and organized as required by the law.

CARTWRIGHT, DUNN and DUNCAN, JJ., dissenting.

APPEAL from the County Court of Putnam county; the Hon. DANIEL H. GREGG, Judge, presiding.

WATTS A. & CAREY R. JOHNSON, for appellant.

JAMES E. TAYLOR, State's Attorney, (GEO. W. HUNT, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an application by Olden C. Cofoid, county treasurer and *ex-officio* county collector of Putnam county, for judgment and order of sale against the property of the appellant, the New York Central Railroad Company, for delinquent township high school taxes levied and assessed for the year 1916. The taxes involved are those levied by Township High School District No. 536, amounting to $971.76, and by Township High School District No. 537, amounting to $565.22. Appellant appeared and filed written objections to the application for judgment. The substance of the objections is, that the high school districts were attempted to be organized under section 6 of the act of June 5, 1911, which was held unconstitutional in *People* v. *Weis*, 275 Ill. 581, and that said high school districts and boards of education had no legal existence and no right to levy a tax at the time the taxes in controversy were attempted to be levied. A hearing was had on the objections on June 9, 1917, at which time an order was entered sustaining the objections and abating the tax. The People prayed and were allowed an appeal. Before the appeal was perfected the People entered their motion to vacate the order allowing the appeal and to vacate and set aside the judgment theretofore entered. A hearing was had on this motion on June 23, 1917. The motion to vacate the appeal and set aside the judgment of June 9, 1917, was allowed and the objections of appellant were overruled and judgment and order of sale were entered against its lands. This appeal followed.

It was stipulated on the trial that each of the said high school districts was organized on June 14, 1916, under sec-

tion 6 of the act of June 5, 1911, relative to the organization of township high school districts; that a board of education was elected in each district on July 1, 1916, and within ten days thereafter met and organized, as required by law, and filed the proper certificate of such organization, and that the taxes levied in each district are for educational and building purposes.

It is not questioned but that the People made out a *prima facie* case on the hearing. The main grounds urged for reversal of the judgment are, that there was no high school corporation, either *de jure* or *de facto,* at the time the tax in question was attempted to be levied and therefore the tax is illegal and void, and that the curative act passed and in force on June 14, 1917, (Laws of 1917, p. 744,) is unconstitutional and void, or, at least, cannot have the effect of validating this tax. At the time this appeal was perfected the constitutionality of that act had not been passed upon and a large part of the briefs of counsel is devoted to a discussion of the constitutionality of such act. Since this case was submitted we have considered the constitutionality of that act in a number of cases and its validity has been sustained. (*People* v. *Madison,* 280 Ill. 96; *People* v. *Dix,* id. 158; *People* v. *Howell,* id. 477; *People* v. *Fifer,* id. 506; *People* v. *Stitt,* id. 553; *People* v. *Douglas,* 281 id. 478; *People* v. *Roe,* id. 536.) Substantially all of the objections now urged to the constitutionality of this law were raised in those cases, and the decisions there rendered are conclusive upon the question as to the constitutionality of such curative act.

The curative act provides, among other things, that in all cases where a majority of the inhabitants of any contiguous and compact territory have voted at any election called for the purpose by the county superintendent of schools, in favor of organizing such territory into a high school district and have elected a board of education, such

election is made legal and valid and such territory declared legally and validly organized as a high school district, and the board of education of such district is declared to be the duly constituted corporate authority of such district, and shall have the powers and discharge the duties of a board of education of a school district, as provided in certain sections of the act of June 12, 1909, for the establishment and maintenance of. a system of free schools. Section 2 of the curative act provides as follows: "All acts and proceedings heretofore done, had or performed by each such district and the persons from time to time elected and acting as the board of education thereof, such as are authorized to be done, had or performed by school districts or boards of education thereof by the general laws of this State are hereby declared to be legal and valid in all respects." The effect of this act was to render the organization of such districts legal and valid from the date of their attempted· organization and the acts done by their officers legal and valid *ab initio.* (36 Cyc. 1221.) If full force and effect are given to the provisions of this act, all taxes levied and assessed by the persons acting as the officers of the boards of education of such high school districts were rendered legal and valid. There is no dispute but that the taxes in question were levied by persons assuming to act as such officers in behalf of these township high school districts. No constitutional provision is called to our attention which would prohibit the legislature from passing an act validating the levying of taxes made by officers of such high school districts. In the absence of such constitutional inhibition we must hold the act constitutional and the tax levied by such officers valid and enforcible.

It is further urged that it is not shown by the stipulation that the high school districts in question have brought themselves within the terms of the curative act, in that the only thing shown by the stipulation that the board of edu-

cation of either district has done since the election is the levying of the tax in controversy and filing the certificates of such levy with the proper officers. It is stipulated that the districts were organized under section 6 of the act of June 5, 1911, relative to the organization of high school districts, and that a board of education was elected in each district on July 1, 1916, and thereafter met and organized as required by law. This was sufficient. In a collateral proceeding it is not necessary to show the organization of such a high school district with the same particularity that would be required in a direct proceeding by *quo warranto.* In a case of this character it is only necessary to show that the tax in question was levied by persons assuming to act as officers of the high school district attempted to be organized in conformity with section 6 of the law of 1911, or of some other law authorizing the organization of high school districts. It will then be presumed, in a collateral proceeding such as this, that they have done all of the acts required by law to be done to comply with the provisions of the curative act, and their acts as such officers will be sustained until the district is legally dissolved in a direct proceeding by *quo warranto.* So far as anything in this record shows, the tax was levied by school districts organized as required by section 6 of the act of June 5, 1911, and their organization so far completed as to bring them within the provisions of section 1 of the curative act. That was sufficient.

For the reasons given the judgment of the county court will be sustained.            *Judgment affirmed.*

CARTWRIGHT, DUNN and DUNCAN, JJ., dissenting.