(No. 11765.—Judgment affirmed.)

THE PEOPLE ex rel. W. A. PATTERSON, County Collector, Appellee, vs. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1917.*

TAXES—*curative act of 1917 validated high school taxes.* The curative act of 1917, relating to high schools, is a valid law, and as to all districts coming within its terms it renders the organization of such districts legal and valid from the date of their attempted organization and the acts done by its officers legal and valid *ab initio,* including the act of the board of education in levying taxes.

CARTWRIGHT, DUNN and DUNCAN, JJ., dissenting.

APPEAL from the County Court of Livingston county; the Hon. B. R. THOMPSON, Judge, presiding.

ROBERT J. CARY, F. A. ORTMAN, and L. M. SHELLY, for appellant.

BOYS, OSBORN & GRIGGS, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an application by W. A. Patterson, county treasurer and *ex-officio* county collector of Livingston county, for judgment and order of sale against the lands of the appellant, the New York Central Railroad Company, for delinquent township high school taxes levied and assessed against its property for the year 1916. The tax returned delinquent is that of Township High School District No. 230, amounting to $619.45. Appellant appeared and filed written objections to the application for judgment. The substance of the objections is that the township high school district was attempted to be organized under section 6 of the act of June 5, 1911, which was held unconstitutional in *People* v. *Weis,* 275 Ill. 581; that at the time the tax in question was levied there was no such township high school district, either *de jure* or *de facto,* or a board

of education of such district, authorized to levy such tax. A hearing was had on the objections on July 9, 1917, and an order entered overruling the objections, and judgment and order of sale were entered against the lands of appellant. This appeal followed.

It was stipulated that Township High School District No. 230 embraced lands in the counties of Livingston and Grundy and was organized on May 4, 1915, under the provisions of section 6 of the act of June 5, 1911; that the tax in question was levied by persons acting as school officers of such high school district; that the directors were elected, and duly qualified as such, for the district in the years 1915, 1916 and 1917, and were performing their duties as directors of such district; that no school site has been purchased or contracted for or bonds issued, but the district has rented a building for the purpose of conducting a high school for the years 1915-16 and 1916-17, and levied taxes for the year 1915, all of which were collected, and for the year 1916, of which between seventy and eighty per cent has been paid; that the district has employed and paid teachers for the years 1915-16 and 1916-17 and employed teachers for the year 1917-18, and has purchased the necessary school apparatus for conducting a high school.

No point is made but that the People made out a *prima facie* case in the first instance. The principal grounds urged for a reversal of the judgment are, that the attempted organization of the township high school district under section 6 of the act of June 5, 1911, which has been held unconstitutional, was illegal, and that there was no warrant, in law, for the persons acting as officers of such high school district to levy a tax, and that the curative act of June 14, 1917, by which the organization of such high school district is validated, is unconstitutional and void. (Laws of 1917, p. 744.) At the time this appeal was perfected the constitutionality of that act had not been passed upon by this court. Its constitutionality has since been considered

and sustained in *People* v. *Madison,* 280 Ill. 96, *People* v. *Dix,* id. 158, *People* v. *Howell,* id. 477, *People* v. *Fifer,* id. 506, *People* v. *Stitt,* id. 553, *People* v. *Douglas,* 281 id. 478, and *People* v. *Roe,* id. 536.   Substantially all the reasons now urged against its constitutionality were urged in those cases and there considered, and what we have there said is conclusive on the question of the validity of such act.   It is unnecessary to re-state those reasons here.

The curative act provides, among other things, that in all cases where a majority of the inhabitants of any contiguous and compact territory have voted at any election called for the purpose by the county superintendent of schools, in favor of organizing such territory into a high school district and have elected a board of education, such election is made legal and valid and such territory declared legally and validly organized as a high school district, and the board of education of such district is declared to be the duly constituted corporate authority of such district, with power to discharge the duties of a board of education of a school district, as provided by certain sections of the act of June 12, 1909, for the establishment and maintenance of a system of free schools.   Section 2 of the curative act provides as follows: "All acts and proceedings heretofore done, had or performed by each such district and the persons from time to time elected and acting as the board of education thereof, such as are authorized to be done, had or performed by school districts or boards of education thereof by the general laws of this State are hereby declared to be legal and valid in all respects."   The effect of this act was to render the organization of such a district legal and valid from the date of its attempted organization and the acts done by its officers legal and valid *ab initio.*   (36 Cyc. 1221.) If full force and effect are given to the provisions of this act, all taxes levied and assessed by the persons assuming to act as the officers and board of education of this high school district were rendered legal and valid.   There is no dispute

but that the taxes in question were levied by persons assuming to act as such officers in behalf of this township high school district. No constitutional provision is called to our attention which would prohibit the legislature from passing an act validating the levying of taxes made by officers of such high school districts. In the absence of such constitutional inhibition we must hold the act constitutional and the tax levied by such officers valid and enforcible.

For the reasons given the judgment of the county court will be affirmed.

*Judgment affirmed.*

CARTWRIGHT, DUNN and DUNCAN, JJ., dissenting.