(No. 11760.—Judgment affirmed.)

THE PEOPLE *ex rel.* Orlin G. Holmes, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1917.*

This case is controlled by the decisions in *People* v. *Madison,* 280 Ill. 96, *People* v. *Fifer,* id. 506, *People* v. *Stitt,* id. 553, and *People* v. *Mathews,* (*post,* p. 85.)

CARTWRIGHT, DUNN and DUNCAN, JJ., dissenting.

APPEAL from the County Court of Crawford county; the Hon. DANIEL V. DAYTON, Judge, presiding.

JOHN G. DRENNAN, and PARKER & CROWLEY, for appellant.

CHARLES E. JONES, State's Attorney, JONES & LOWE, and NEWLIN, PARKER & NEWLIN, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

In 1914 Palestine Township High School District No. 202 was organized. In 1915 Oblong Township High School District No. 203 was organized. Both of these districts were organized under the law of 1911. Thereafter each proceeded to elect a president and board of education, each procured a site and erected a high school building, each issued bonds and made levies to pay the bonds, each employed teachers and had schools during one school year. This was an application to collect taxes to pay the expenses of each of these high schools of said school districts. The objections were overruled in the county court and judgment entered against the property of appellant. From that judgment this appeal is prosecuted.

There seems to have been no proceeding started to test the validity of either of these districts before the passage of the so-called curative act of June 14, 1917. It is argued at length by appellant that the curative act is unconstitutional. All the questions so raised by counsel have been passed on adversely by this court in several cases. (*People* v. *Madison*, 280 Ill. 96; *People* v. *Fifer*, id. 506; *People* v. *Stitt*, id. 553; *People* v. *Mathews*, (*post*, p. 85.) Under these decisions the curative act was held to validate high school districts organized, as these were, under the act of 1911.

The judgment of the county court must therefore be affirmed.

*Judgment affirmed.*

CARTWRIGHT, DUNN and DUNCAN, JJ., dissenting.