(No. 12073.—Reversed and remanded.)

THE PEOPLE *ex rel.* W. W. HARDING *et al.* Appellants, *vs.* J. E WILEY *et al.* Appellees.

*Opinion filed June 20, 1918.*

1. JUDGMENTS AND DECREES—*legislature cannot direct what order shall be entered in pending proceedings.* The legislature has no authority to direct what order shall be entered by courts in pending actions, as the decision of the question as to what orders shall be entered in judicial proceedings comes within the judicial power.

2. APPEALS AND ERRORS—*after appeal is perfected the trial court has no further jurisdiction until appeal is disposed of.* An appeal is, in contemplation of law, pending in the appellate tribunal the moment the appeal bond is executed and filed with the clerk of the trial court, and said court is then without jurisdiction to enter any further order in the proceeding until the appeal has been disposed of.

3. SAME—*when it is error to allow motion to abate quo warranto proceedings.* It is error to allow a motion to abate *quo warranto* proceedings to oust the members of the board of education of a high school district, where the motion as made and allowed includes a former proceeding in which an appeal has been granted and perfected.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

C. E. McNEMAR, State's Attorney, E. E. HARDING, and DAILEY & MILLER, for appellants.

CAMERON & CAMERON, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

A petition was filed by the State's attorney of Peoria county to oust by *quo warranto* proceedings the members of the board of education of the Elmwood High School District No. 154. Various pleadings and orders were entered with reference thereto in the trial court and later a motion to abate the suit was filed by appellees and allowed, and the information was quashed, petition dismissed and judgment entered finding costs against the relators. From that order this appeal was prayed.

May 7, 1917, a petition supported by affidavits was filed in the circuit court for leave to file *quo warranto* proceedings against the members of the board of education of said high school district. The affidavit and information set forth that on April 28, 1916, said alleged high school district was organized out of certain described territory; that the county superintendent of schools in said county designated the same as High School District No. 154; that the appellees were elected members of said board on May 20, 1916; that said high school district was formed under the law of June 5, 1911. On May 17, 1917, the court entered an order permitting the information to be filed, and the summons was made returnable May 23, 1917. On said last mentioned date a demurrer to the information was filed by appellees, and on May 28 this demurrer was overruled and leave obtained to plead by the following Saturday. On June 2, 1917, the plea was filed, and a demurrer thereto was filed on the same day by the relators. On June 11, 1917, the demurrer to the plea was sustained and leave to plead granted by the following Monday. On June 18, 1917, appellees filed a motion to abate the suit. On December 26, 1917, an order was entered allowing said motion and quashing the information, the petition being dismissed at the costs of the relators. In the motion offered by appellees to abate the suit it is stated that they moved "the court to enter an order to abate the above entitled cause, together with the

former suit in which an order was entered in this court oust-ing said defendants, to-wit, November 23, 1916, in which last case an appeal bond was filed by the defendants within the time limited by the court for an appeal but in which the bill of exceptions was not filed, no further orders be-ing taken in said cause in the court to which said cause was appealed, said cause being therefore pending."

It seems to be conceded by counsel on both sides in this case that this motion sets out the facts correctly as to an order being entered November 23, 1916, ousting appellees, and that appellees prayed an appeal from that order and filed said bond within the time limited by the court. Out-side of this recitation in this motion we find nothing in the record before us that refers in any way to a former suit pending in which judgment of ouster was entered. Whether the judgment of ouster was entered in this pro-ceeding or in a different proceeding it is somewhat difficult to tell from the record before us, but it is clear in either case that the order entered here on this motion for judg-ment of ouster was entered not only abating these proceed-ings but abating the proceedings in which appellees were ousted as members of the high school board.

As we understand this record, the proceedings ousting appellees from office as members of the board of education of said high school district could not be abated by the trial court at the time or under the conditions under which they were abated. The validating act as to high school districts organized under the High School law of 1911 has been con-strued by this court frequently. That act directs that all pending actions attacking the organization of districts or-ganized under the provisions of said law shall abate, but this court has held that the legislature is without authority to direct what orders shall be entered by courts in pending actions; that the decision as to what orders shall be entered in such cases comes within the judicial power and does not belong to the legislature. *People* v. *Madison,* 280 Ill. 96,

It appears from the motion entered to abate these proceedings that the order ousting appellees was appealed from and the appeal bond filed as required by the circuit court. The circuit court, therefore, was without jurisdiction to enter any further order in that proceeding until the appeal had been disposed of. An appeal allowed by the trial court is, in contemplation of law, pending in the appellate tribunal the moment the appeal bond is executed and filed with the clerk of the circuit court. (*Reynolds* v. *Perry,* 11 Ill. 534; *Merrifield* v. *Western Cottage Piano and Organ Co.* 238 id. 526; *City of Chicago* v. *Lord,* 281 id. 414, and cases cited.) A perfected appeal operates to stay any further proceedings by the court rendering the judgment or decree appealed from, the only exception being orders as to alimony in divorce cases. (*People* v. *Pam,* 276 Ill. 181.) Beyond doubt, under this rule of practice, followed for a century in this State, after the appeal bond was filed the trial court was without authority to enter any further orders until the appeal was properly disposed of in the appellate tribunal. On the record before us it must be assumed that the appeal from the order ousting appellees as members of said high school board was perfected and undisposed of in the appellate tribunal at the time this order abating such proceedings was entered in the trial court. This being so, the order so abating the proceedings was entered without authority.

Whether, in view of this record, this proceeding was pending when the validating statute was enacted, under the reasoning of this court in *People* v. *Ryan,* 281 Ill. 231, and *People* v. *New York Central Railroad Co.* 283 id. 334, need not be decided.

The judgment of the circuit court abating the proceedings was entered without authority, and must therefore be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*