---

(No. 12201.—Judgment affirmed.)
THE PEOPLE *ex rel.* A. E. Catton *et al.* Appellants, *vs.*
R. B. ROBERTS *et al.* Appellees.

*Opinion filed October 21, 1918.*

CONSTITUTIONAL LAW—*high school curative act of June, 1917, is valid.* The high school curative act of June, 1917, in so far as it purports to legalize the organization of the high school districts therein described, is valid and applies to all high school districts coming within its terms, although their organization was attempted under the invalid act of 1911.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

E. E. HARDING, for appellants.

COVEY, CAMPBELL & COVEY, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Leave was granted the People, on the relation of A. E. Catton and Martin Reinhart, in the circuit court of Peoria county, to file an information in the nature of *quo warranto* against R. B. Roberts and the six other appellees, charging them with holding and exercising, without right or title, the offices of president and members of the board of education of Brimfield Township High School District No. 157, in Peoria county. The school district was organized under the High School act of June 5, 1911, and the information charged that this act was unconstitutional, and that there-

fore appellees were holding said offices without any warrant, title or right. The parties entered into a written stipulation setting forth all the steps which had been taken in the organization of the township high school district. Thereupon the cause was heard upon this stipulation and the motion of appellees to dismiss the petition, quash the information and abate the suit. In the meantime the curative act of June 14, 1917, had been passed, and upon the hearing the court sustained the motion of appellees, quashed the information and dismissed the petition. This writ of error was sued out to review that judgment, and it is insisted that the curative act of June 14, 1917, is unconstitutional and invalid, and that as the High School act of 1911 has been declared unconstitutional the judgment of the trial court should be reversed.

We have repeatedly held that the curative act of June 14, 1917, in so far as it purports to legalize the organization of certain high school districts therein described, is a valid enactment and is applicable to all high school districts coming within its terms although the organization was attempted under the invalid act of 1911. *People v. Madison,* 280 Ill. 96; *People v. Stitt,* id. 553; *People v. Fifer,* id. 506; *People v. Woodruff,* id. 472; *People v. Ryan,* 281 id. 231; *People v. Craft,* 282 id. 483.

Appellants contend that the trial court erred in abating the suit and in not permitting a hearing on the merits. The stipulation disclosed that the attempted organization of this district brought it within the terms of the curative act of June 14, 1917, and it appears from the order of the court that the cause was disposed of upon its merits and the suit was not abated. The order of the court was, "that the information heretofore filed herein be and the same is hereby quashed and that the petition filed herein be and the same is hereby dismissed."

The judgment of the circuit court is affirmed.

*Judgment affirmed.*