(No. 12676.—Judgment affirmed.)

THE PEOPLE *ex rel.* William W. Harding *et al.* Defendants in Error, *vs.* J. E. WILEY. *et al.* Plaintiffs in Error.

*Opinion filed June 18, 1919—Rehearing denied October 10, 1919.*

1. SCHOOLS—*high school district organized under void act of 1911 is neither a de jure nor de facto district.* The invalid Township High School act of 1911 conferred no right to organize a high school district, and any district attempted to be organized thereunder is neither a *de jure* nor a *de facto* district.

2. SAME—*when validating act of 1917 does not apply.* Where a judgment of ouster against the officers of a high school district organized under the void act of 1911 has become final by a failure to prosecute an appeal the validating act of 1917 cannot affect the judgment, and on a subsequent writ of error, which is the beginning of a new suit, the judgment of ouster must be affirmed.

· 3. CONSTITUTIONAL LAW—*legislature cannot exercise judicial power.* The General Assembly cannot review, reverse or set aside a judgment of a court, as the legislative power extends only to the making of laws, which is a determination as to what the law shall be and not a decision or determination as to what the law has been.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

CAMERON & ANDERSON, for plaintiffs in error.

E. E. HARDING, (DAILEY, MILLER, McCORMICK & RADLEY, of counsel,) for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

By leave of court an information in the name of the People was filed on June 24, 1916, in the circuit court of Peoria county, to challenge the legal existence of Elmwood

High School District in the counties of Peoria and Knox, by calling upon the plaintiffs in error to show by what warrant they claimed to act as officers for such district. The plaintiffs in error filed pleas to the information, setting up by appropriate averments the organization of the high school district in compliance with the act of June 5, 1911, for the organization of high school districts and their election as officers of the district. A demurrer to the pleas having been sustained, amended pleas were filed on November 25, 1916, and on November 27, 1916, a demurrer to the amended pleas was sustained. The plaintiffs in error stood by their amended pleas and judgment of ouster was entered. From the judgment the plaintiffs in error prayed an appeal to this court, which was allowed upon their filing a bond. The bond was filed and approved on December 26, 1916, but the plaintiffs in error did not file a transcript of the record in this court within the time required by the statute. At the October term, 1918, the relators filed a transcript of the record and moved to dismiss the appeal, and the motion was allowed and the appeal dismissed. The plaintiffs in error have now sued out a writ of error to review the judgment of the circuit court, and assign as errors the sustaining of the demurrer and the judgment of ouster.

The act of June 5, 1911, violated constitutional provisions and was therefore void. (*People* v. *Weis,* 275 Ill. 581.) It conferred no right to organize a high school district and afforded no protection to the plaintiffs in error in assuming to act as officers of Elmwood High School District, which had been organized under the act. The school district was neither a district *de jure* nor *de facto.* (*People* v. *New York Central Railroad Co.* 283 Ill. 334.) The judgment of the court was therefore free from error and must be affirmed.

The assignment of errors also includes propositions that by the act of June 14, 1917, validating high school districts

organized under the act of 1911, the district was made a legal district and the orders of the court sustaining the demurrers and entering judgment became erroneous, and the district having become a legal one, the judgment should be reversed and the proceeding abated. In the constitutional division of the powers of government the legislative power is assigned to the General Assembly, and it is forbidden to exercise any other power. The exercise of judicial power being prohibited, the General Assembly cannot review, reverse, annul or set aside a judgment of a court. The legislative power extends only to the making of laws. It is a determination what the law shall be and not a decision or determination what the law has been. The court in this case correctly decided what the existing law was in relation to the organization of high school districts under the act of 1911, and whatever effect may be given to the validating act with reference to any high school district it cannot affect the judgment. That act was the determination by the General Assembly what the law should be in future cases falling under its provisions, and in various cases in which proceedings were still pending at the time the act went into effect it was applied as within the power of the General Assembly to prescribe what the law should be. (*People* v. *Madison,* 280 Ill. 96; *People* v. *Dix,* id. 158; *People* v. *Stitt,* id. 553; *People* v. *Wright,* 284 id. 339.) The judgment in this case became final by a failure to prosecute the appeal, and the writ of error was the beginning of a new suit. It does not come within any rule by which the validating act can be applied in a pending proceeding.

The judgment is affirmed.      *Judgment affirmed.*

Mr. JUSTICE STONE took no part in this decision.