DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1920.

---

William W. Harding, Appellant, v. J. E. Wiley et al.,
Appellees.

### Gen. No. 6,783.

SCHOOLS AND SCHOOL DISTRICTS, § 133*—*when tax paid cannot
be recovered.* One who, though under protest, pays a school tax
to a collector who neither makes nor threatens a distraint there-
for, makes such payment voluntarily and not under duress or com-
pulsion, and cannot recover it back, notwithstanding the tax had
been certified by a board of education against which a judgment
of ouster had been affirmed by the Supreme Court and a bill to
enjoin the collection of an earlier tax certified by such board had
been filed.

Appeal from the County Court of Peoria county; the Hon. ROBERT
H. LOVETT, Judge, presiding. Heard in this court at the April term,
1920. Affirmed. Opinion filed June 29, 1920.

E. E. HARDING, ELMER J. SLOUGH and CHARLES S.
STUBBLES, for appellant.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

CAMERON & ANDERSON, for appellees; GEORGE W. HUNT, of counsel.

MR. JUSTICE HEARD delivered the opinion of the court.

This is an action for money had and received, commenced before a justice of the peace of Peoria county, Illinois, on the 18th day of October, 1919. On hearing without a jury judgment was rendered. Appeal was taken to the county court of said county.

At the January term, 1920, of the county court, by agreement of parties, a jury was waived and case submitted to the court upon a written stipulation of facts and propositions of law. The facts as shown by the stipulation are that in April, 1916, a high school district was attempted to be organized under Act of June 5, 1911, and later appellees were elected members of board of education for said district and entered upon the duties thereof. At the June term, 1916, of the circuit court, quo warranto proceedings were instituted against appellees and on November 27, 1916, a judgment of ouster was entered. Later a writ of error was sued out and heard at April, 1919, term of the Supreme Court and judgment of circuit court was affirmed. *People v. Wiley,* 289 Ill. 173. Appellees, acting as a board of education, certified levies to the county clerk of Peoria county for the purpose of raising taxes for alleged high school purposes for the district in litigation for the years 1916-1917-1918, and the same were spread against the lands and personal property of the district.

The tax of 1916 was enjoined by relators in quo warranto proceedings, but taxes, or sums of money, in the form and under the assumed authority of the revenue laws of Illinois, as taxes, for the years 1917 and 1918 were paid under protest by appellant after a bill for injunction had been filed against the collection of school tax levied for 1916 and also after a conference

with the county collector and the local tax collectors
of Brimfield, Jubilee and Rosefield townships for the
purpose of allowing appellant and ninety-three other
relators the opportunity of paying taxes over which
there was no dispute and holding back the amount lev-
ied by defendants as a school tax, said conference re-
sulting in the county treasurer (ex-officio county collect-
or) notifying said local collectors to collect all taxes
against property on their books or none. After the
foregoing conference the appellant went to his local
town collector, who had accompanied him on that oc-
casion and in whose possession the books were held,
and paid the tax for the 2 years in question. The col-
lector made no distraint nor threatened to make any
distraint for said tax. The local collector did, how-
ever, write upon the receipt delivered to the appellant
and upon the margin of the tax books then in his pos-
session, the words "High School Tax No. 154 paid
under protest." This indorsement at the time was
made at the request of and on behalf of the appellant.

Appellant was one of the relators in the quo war-
ranto proceedings mentioned above and had full knowl-
edge of all the facts with reference to the purported
school district and the tax levies.

In *Conkling v. City of Springfield,* 132 Ill. 420, a
case in which the circumstances of payment were like
those in the present case, the court said: "As a gen-
eral rule, where a person is compelled, by duress, to
pay an illegal tax for which he is not liable, he may
recover it back. The rule on this subject is well stated
by Shaw, C. J., in *Preston v. Boston,* 12 Pick. [Mass.]
13, as follows: 'A party who has paid voluntarily,
under a claim of right, shall not afterwards recover
back the money, although he protested at the time
against his liability. * * * But it is otherwise when
a party is compelled, by duress of his person or goods,
to pay money for which he is not liable. It is not vol-
untary, but compulsory, and he may rescue himself

from such duress by payment of the money, and afterwards, on proof of the fact, recover it back.' 'The warrant to collect * * * is in the nature of an execution. * * * When, therefore, a party not liable to taxation is called on, peremptorily, to pay upon such a warrant, and he can save himself and his property in no other way than by paying the illegal demand, he may give notice that he so pays it by duress, and not voluntarily, and by showing that he is not liable, recover it back as money had and received.' The rule in the case cited was approved by this court in *Bradford v. City of Chicago,* 25 Ill. 415. The same rule was sanctioned by the Supreme Court of the United States in *Union Pac. R. Co. v. Dodge County Com'rs,* 8 Otto 541.

"It is manifest, on a moment's reflection, that the facts relied upon here do not bring the case within the rule announced in the cases cited. So far as the tax on real estate is concerned, the town collector had no authority, under the statute, to levy on personal property. If payment was refused, it was his duty to return the land delinquent to the county collector, and the county collector, in case payment was not made to him within the time prescribed by the statute, could only collect by obtaining judgment and selling the land. As to the personal property tax, the collector held a warrant which authorized him to levy on personal property, but before he was authorized to levy, section 155 of the Revenue Law [J. & A. ¶ 9374] required him to call on the persons taxed, at least once, at his place of residence or business, if in the town of the collector, and demand payment of the tax. This had not been done when the taxes were paid, and while the collector held a warrant, as he could make no levy at the time the taxes were paid it cannot be held that the payment was a compulsory one. Had the taxes been demanded by the collector, and after demand he had attempted to levy on personal property, and to avoid

a levy and sale the plaintiff had paid under protest, then he might well insist that the payment was made by compulsion; but such is not this case.''

We are of opinion that under the law of this State we must hold that the payments made by appellant were voluntarily made and not made under compulsion or duress and therefore cannot be recovered.

The judgment of the county court is affirmed.

*Affirmed.*