On December 24th, 1928, receivers were appointed to take over and manage the estate of the above-named defendant. Less than four months before, the respondent, the Trust Company of New Jersey, recovered a judgment against the defendant in the sum of $21,836.18, which still remains unpaid and unsatisfied of record. Thereafter, execution was issued and a levy made thereunder against all the property which the receivers had taken over from the defendant.
Chapter 208 of the laws of 1919 (1 Cum. Supp. 680) provides that all levies, judgments, attachments or other liens obtained against an insolvent corporation "within four months prior to the filing of a bill or petition against it for the appointment of a receiver, under the provisions of the act to which this act is a supplement, shall be deemed null *Page 17 
and void in case a receiver shall be appointed by the court, and the assets of said corporation distributed in such proceeding, and the property affected by the levy, judgment, attachment or other liens shall be deemed wholly discharged and released from the same, and shall pass to the receiver as a part of the estate of the corporation, unless the court shall order that the right over such levy, judgment, attachment or other lien shall be preserved for the benefit of the estate, and thereupon the same may pass to and shall be preserved by the receiver for the benefit of the estate aforesaid, and the court may order such conveyance as shall be necessary to carry the purpose of this section into effect; provided that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment or other lien of a bona fide
purchaser for value who shall acquire the same without notice or reasonable cause for inquiry." The motion of the receivers is for an order directing the respondent to assign its judgment to them so that the lien of the same may be preserved for the benefit of the insolvent corporation's estate.
The single question presented by this motion is the validity of the act under which the motion is made. Drastic as it may seem in its design, I know of no constitutional bar to the adoption of such an act unless it should be a devesting of a vested right. If it were sought to apply this statute retrospectively so as to apply to a lien prior in point of time to the adoption of the act I should have no hesitancy in declaring it at variance with our constitution. Williamson v. N.J. Southern Railroad Co.,29 N.J. Eq. 311. But, of course, there is no such infirmity in this case because the lien in question came into being more than nine years after the statute was adopted. There have been innumerable cases where similar laws, which have undertaken to impair or modify a lien or right then in existence, have been declared invalid, such as Coddington v. Beebe, 29 N.J. Law 550; Steger
v. Traveling Men's, c., Assn., 208 Ill. 236; 70 N.E. Rep. 236. *Page 18 
On the other hand, there have been almost as many decisions that a law abolishing an existing remedy in favor of a creditor is a valid exercise of the legislative authority so far as respects debts contracted after its passage, such as the great case of Ogden v. Saunders, 12 Wheat. 213. In fact, there are many cases which hold that legislation abolishing or modifying a remedy during the pendency of a cause is applicable thereto, or even pending an appeal. People v. Madison, 280 Ill. 96. It is elementary that there can be no vested interest in either the common law or statutory law, else all change would be prohibited.
I will advise an order in accordance with the prayer of the petitioner's petition, and will fix the terms thereof, upon notice, if counsel are unable to agree.