(No. 11557.—Reversed and remanded.)
THE PEOPLE *ex rel.* Henry E. Jacobs, Defendant in Error, *vs.* ALFRED R. WRIGHT *et al.* Plaintiffs in Error.

*Opinion filed June 20, 1918—Rehearing denied October 2, 1918.*

1. APPEALS AND ERRORS—*parties to writ of error are subject to same judgment as in case of appeal.* Although a writ of error does not operate as a *supersedeas* unless so ordered by the court of review, yet the parties to the writ are subject to the same judgment as in case of appeal, and the effect upon the judgment of the lower court is the same in both methods of review if there is error requiring an entire reversal of the judgment.

2. QUO WARRANTO—*writ of error pending when curative act of 1917 was passed is within the act.* A writ of error to reverse a judgment of ouster in a *quo warranto* proceeding against members of the board of education of a high school district, which writ was sued out prior to the enactment of the curative act of 1917, is within the act the same as though the case were pending on appeal notwithstanding the writ was not made a *supersedeas,* and if the judgment is erroneous under the act of 1917 it must be reversed.

WRIT OF ERROR to the Circuit Court of Marshall county; the Hon. J. M. NIEHAUS, Judge, presiding.

QUINN & QUINN, (FRANK J. QUINN, CHARLES V. O'HERN, and HAROLD R. SCHRADZKI, of counsel,) for plaintiffs in error.

BARNES & MAGOON, for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

An information in the nature of *quo warranto* having been filed in the circuit court of Marshall county against Alfred R. Wright, Frank B. McCuskey, Henry F. Stoner, Robert E. Peterson, J. Elmer Shanklin, Warner R. Broadus and Conrad Koch, plaintiffs in error, on the relation of the State's attorney of that county, judgment was entered therein on March 5, 1917, ousting plaintiffs in error from the offices of president and members of the board of education of Township High School District No. 10 in said county and dissolving the district. The judgment was entered upon issues formed by a demurrer to pleas filed by plaintiffs in error, in which they set up by appropriate averments the organization of said district in compliance with the act of June 5, 1911, heretofore declared unconstitutional by this court; that said district comprised contiguous and compact territory, and that a majority of the inhabitants of the territory voting on the proposition voted at an election duly called for such purpose in favor of the organization of such school district; that plaintiffs in error were duly elected and qualified as president and members of the board of education of said school district, and that since their election in May, 1916, they have performed the various duties devolving upon them as said board of education. The trial court sustained the demurrer to the pleas on the ground that the High School act of June 5, 1911, was unconstitu-

tional. A writ of error was sued out of this court June 1, 1917, prior to the enactment of the curative act passed by the legislature June 14, 1917.

Plaintiffs in error contend that by the curative act said high school district was validated and that the judgment of the trial court should therefore be reversed. Defendant in error concedes that the position of plaintiffs in error would be correct if an appeal had been perfected by plaintiffs in error in this case instead of a writ of error being sued out and such appeal had been taken prior to the enactment of the curative act. His exact contention is that the judgment of the circuit court was a finality, and as no appeal was prayed and perfected therefrom it was in full force and effect, and that this writ of error does not have the effect to stay the judgment and to continue the litigation begun in the lower court, and that therefore such suit cannot be said to be pending.

It is true that under the constitution and section 106 of our Practice act a writ of error does not operate as a *supersedeas* unless the Supreme or Appellate Court in which the writ of error is pending, or some judge thereof in vacation, shall order the same to be made a *supersedeas* on filing bond, etc., but the parties in writs of error are subject to the same judgment and mode of execution as is provided in cases on appeal. In other words, when the case is finally concluded on writ of error, if it be found that the judgment entered in the lower court should be reversed for error and that the plaintiff in error is entitled to judgment against the defendant in error, the judgment will be reversed and the cause remanded, with directions to render a correct judgment, in the same manner and to the same effect as if the judgment had been reviewed on appeal. The writ of error brings up the entire record and error may be assigned upon any part of the court's ruling, while the appeal may be confined to narrower limits. The effect on the judgment of the lower court will be the same, however, in both methods

of review where error appears that necessitates an entire reversal of the judgment, and in cases of the character of the one now before us the law in force at the time the judgment of this court is rendered must be considered in force just the same as if the case had been appealed and judgment pronounced according to the law in force at the time judgment is rendered by this court. Under the previous decisions of this court the curative act validated the district in question, and the judgment of the lower court must therefore be reversed although the same was correct under the law existing at the time the judgment was rendered. (*People* v. *Madison,* 280 Ill. 96; *People* v. *Fifer,* id. 506; *People* v. *Howell,* id. 477; *People* v. *Stitt,* id. 553.) All of said causes were reviewed on appeal except in the *Fifer case,* the judgment in which case was reviewed on writ of error. The judgment in that case was determined upon the question whether or not the district in question was validated by the validating act, and upon that same question the judgments in all the appealed cases were determined.

This writ of error being pending when the curative act was passed gives the plaintiffs in error the same benefit of the validating act as if the case had been pending here on appeal. In a similar *quo warranto* proceeding the circuit court of Bureau county sustained demurrers to similar pleas and rendered judgment of ouster. On appeal to this court the judgment was reversed on the ground, solely, that the curative act was effective to legalize the organization of the high school district, and that this court was bound to render judgment under that law although the judgment of the lower court was correct at the time it was rendered. *People* v. *Dix,* 280 Ill. 158.

The judgment of the circuit court is reversed and the cause remanded, with directions to overrule the demurrers to the pleas.    *Reversed and remanded, with directions.*