(No. 11764.—Reversed and remanded.)

THE PEOPLE *ex rel.* Bernard Haugens, County Collector, Appellant, *vs.* THE CHICAGO AND ALTON RAILROAD COMPANY *et al.* Appellees.

*Opinion filed October 21, 1918.*

TAXES—*curative act of 1917 validated school taxes levied by the districts affected.* The curative act of 1917, relating to high school districts, validated the taxes levied by the districts coming within the terms of the act.

APPEAL from the County Court of Marshall county; the Hon. D. H. GREGG, Judge, presiding.

ANDREW J. TRACY, Acting State's Attorney, (F. J. QUINN, C. V. O'HERN, and C. W. HEYL, of counsel,) for appellant.

BARNES & MAGOON, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

The county collector of Marshall county made application at the June term, 1917, of the county court for judgment and order of sale against the lands of appellees for delinquent high school taxes for High School District No. 10, in Marshall county. This high school district was organized under the act of 1911, which has been held to be invalid. The only matters presented to the trial court were the validity of the tax levy and the effect of the validating act of June 14, 1917. The application was made after the passage of the validating act of June 14, 1917, and when objections were filed by appellees that the district, having been organized under the act of 1911, was invalid, the county collector moved to strike the objections upon the ground that the curative act had validated the district and legalized the acts of the board of education. The county court denied the motion and sustained the objections, and the collector has perfected this appeal.

*Quo warranto* proceedings had been instituted in the circuit court of Marshall county, and on March 5, 1917, a judgment of ouster was entered therein, which judgment, on review by writ of error, has been reversed by this court. *People* v. *Wright,* 284 Ill. 339.

We have held that the curative act of June 14, 1917, legalized the districts organized in the manner in which this district was organized; (*People* v. *Madison,* 280 Ill. 96; *People* v. *Stitt,* id. 553; *People* v. *Fifer,* id. 506; *People* v. *Ryan,* 281 id. 231; *People* v. *Craft,* 282 id. 483;) and we have also held that the curative act validated taxes levied by high school districts organized in the manner in which this district was organized. *People* v. *Mathews,* 282 Ill. 85; *People* v. *New York Central Railroad Co.* id. 11; *People* v. *Kessler,* id. 16; *People* v. *New York Central Railroad Co.* id. 19.

For the reasons given in the cases cited, the judgment of the county court is reversed and the cause is remanded, with directions to overrule the objections.

*Reversed and remanded, with directions.*