(No. 12557.—Reversed and remanded.)

The O. W. Rosenthal Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Sylvester Bush, Defendant in Error.)

*Opinion filed December 17, 1919.*

1. Appeals and errors—*supersedeas suspends further action of trial court.* A writ of error brings up the entire record, and when the writ of error is made a *supersedeas* on petition of the plaintiff in error all further action of the trial court is suspended, the same as when an appeal is perfected.

2. Workmen's compensation—*the circuit court cannot amend judgment after writ of error has been made a supersedeas.* Where a writ of error to the Supreme Court has been made a *supersedeas,* the circuit court cannot, while the writ of error is pending, amend its judgment of confirmation of an award to conform to a subsequent modification made by the Industrial Commission.

3. Same—*circuit court cannot enter money judgment and order execution.* On *certiorari* to review an award by the Industrial Commission the circuit court has no authority to enter a money judgment for the award and order execution.

Writ of Error to the Circuit Court of Cook county; the Hon. Oscar M. Torrison, Judge, presiding.

Zimmerman & Garrett, for plaintiff in error.

Hope Thompson, for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

The circuit court of Cook county confirmed an award of the Industrial Commission in which the defendant in error, Sylvester Bush, was awarded $12 per week for a period of three weeks for temporary total incapacity for work, and a further sum of $7 per week for a period of 413 weeks, as provided in paragraph (*d*) of section 8 of the Workmen's Compensation act as amended, as partial incapacity, and a further sum of $8.35 for first aid medical,

surgical and hospital services, as provided for in section 8 of said act, and the court entered judgment for the installment payments then due and to become due and ordered execution to issue thereon.

The defendant in error, Sylvester Bush, was employed as a carpenter by the plaintiff in error from May to August, 1917, and on the 16th day of August, while he and his fellow-workmen were carrying a heavy timber, Bush slipped and either dropped his end of the timber or fell with it to the floor. Soon after this incident Bush felt a pain in his groin and told the foreman about it. He remained away from his work for two days and then returned to the office of the plaintiff in error and presented a doctor's certificate that he was suffering from a rupture, at which time he reported his injury in detail to the foreman. The medical testimony shows that Bush was examined soon after the accident in question and found suffering from a rupture of only a few days' standing. The plaintiff in error and Bush were working under and subject to the provisions of the Workmen's Compensation act and the accident arose out of and in the course of the employment.

The trial court certified that in its opinion this cause is one proper to be reviewed by the Supreme Court. Thereupon a certified copy of the record was filed in this court and a writ of error issued, which was made a *supersedeas*. Thereafter plaintiff in error filed a petition with the Industrial Commission asking a modification of the award and that the award be suspended on the ground that Bush refused to undergo an operation (tendered by the plaintiff in error) to reduce the hernia. A hearing was had on this petition, and the Industrial Commission modified the award by suspending all payments provided for in the award until Bush should undergo the operation proposed. Thereupon plaintiff in error filed its petition in the circuit court for the purpose of having the court modify the judgment theretofore entered confirming the award. The trial court de-

nied the prayer of the petition on the ground that it had no jurisdiction to make any order in the case, as it was pending on writ of error in this court.

It is contended by plaintiff in error that the court erred in sustaining the award, as the same was not based on any evidence as to average annual wages; that there was no evidence upon which to base the award of the sum of $8.35 for medical services; that there was no evidence upon which to base the award of $7 per week for 413 weeks for permanent partial disability. We have read and examined the record in this case and are satisfied that there is competent evidence in the record from which the commission might have made an award of more than $8.35 for medical services. Counsel for plaintiff in error agreed that the wages of Bush were $5.60 per day for 250 days in the year. We are satisfied that there is sufficient evidence in the record upon which to base an award of $7 per week for permanent partial disability and that the circuit court did not err in confirming such award.

It is also contended by plaintiff in error that the circuit court erred in not amending its judgment to conform to the amendment of the Industrial Commission, which suspended payment of compensation until Bush should submit to an operation for hernia. That question was not in the record at the time of the issuance of a writ of error in this case and is not now before this court. On the petition of the plaintiff in error the writ of error was made a *supersedeas*. A writ of error brings up the entire record, as does an appeal. (*People* v. *Wright*, 284 Ill. 339.) A *supersedeas* operates to suspend all further action of the trial court touching the matter, as does the perfecting of an appeal. (*Rock Island Nat. Bank* v. *Thompson*, 173 Ill. 593; *Smith* v. *Chytraus*, 152 id. 664.) The amendment of the award by the Industrial Commission was made, and the petition to have the circuit court amend its judgment to conform thereto was filed after the writ of error was granted

and made a *supersedeas* in this case and the case thereby brought to this court. By means of the writ of error and *supersedeas,* therefore, the circuit court was without jurisdiction to enter any order in the case whatever, and the circuit court did not err in so holding. *People* v. *Wiley,* 284 Ill. 186; *People* v. *Pam,* 276 id. 181; *City of Chicago* v. *Lord,* 281 id. 414.

It also appears from the record that the question of the amendment of the award by the commission on the ground stated is pending on a writ of *certiorari* in the circuit court, a petition for which was filed after the original cause was brought to this court by writ of error. That question will therefore be passed upon by that court under the writ of *certiorari.*

It is also contended that the court erred in entering a money judgment against plaintiff in error and issuing execution thereon and for subsequent installments as they become due. Under the Compensation law the circuit court had no authority to enter such judgment. The only authority which the circuit court had on review by *certiorari* was to confirm the finding and award of the Industrial Commission or to set aside the same and enter such a decision as is justified by law or remand the cause to the commission for further proceedings. It was therefore an error to enter a money judgment and order execution. *Otis Elevator Co.* v. *Industrial Com.* 288 Ill. 396.

The judgment of the circuit court will therefore be reversed as to that matter and the cause remanded, with directions to enter an order confirming the award of the commission. *Reversed and remanded, with directions.*