(No. 13376.—Judgment reversed.)

O. W. ROSENTHAL & Co., Plaintiff in Error, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(SYLVESTER BUSH, De-
fendant in Error.)

*Opinion filed December 21, 1920.*

1. WORKMEN'S COMPENSATION—*whether an injured employee
should submit to operation is a question for Industrial Commission.*
Whether it is reasonable to require an injured employee who claims
compensation for permanent disability to submit to a surgical op-
eration is a question for the Industrial Commission to determine
upon the facts in each case, but the court will interfere in case the
commission acts unreasonably or abuses its discretion.

2. SAME—*when employee should submit to operation for hernia.*
An award for an injury resulting in hernia is properly suspended
where the employee refuses to submit to a surgical operation which
the evidence shows in all probability will be successful and will not
be dangerous.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

ZIMMERMAN, MACK & GARRETT, for plaintiff in error.

HOPE THOMPSON, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a petition filed by the defendant in error, Syl-
vester Bush, before the Industrial Commission of Illinois,
praying for compensation on account of an injury result-
ing in hernia. The cause was before this court under the
same title in 290 Ill. 323, and the principal facts concern-
ing the injury are there stated. The judgment entered in
the original trial of the case not being in accordance with
the statute was reversed by this court, with directions to
enter an order confirming the award in accordance with
the provisions of the statute. Such an order was entered
by the Industrial Commission, but upon *certiorari* proceed-

ings subsequent to its entry the judgment in favor of the
defendant in error was modified so that payments under the
award were suspended, on the ground that the applicant
refused to submit to an operation which the commission
thought reasonable.   The order of the Industrial Commis-
sion modifying the award was set aside by the circuit court
of Cook county, and this writ of error was sued out from
this court to review the proceedings.

The sole question now before this court in this case is
whether the Industrial Commission properly suspended com-
pensation upon the employee's refusal to submit to a sur-
gical operation such as was requested here for the cure of
the hernia.   The testimony offered to show a justification
for such refusal is briefly as follows:   The applicant himself
testified that at the time he was examined by Dr. Nordholz,
the physician of the guaranty company carrying the insur-
ance risk of plaintiff in error, he was not physically able
to stand the operation; also that he was requested to sign
some paper and then go to the hospital without any defi-
nite arrangement as to compensation.   Dr. Nordholz, on
behalf of plaintiff in error, testified that he had operated
on thirty-five or forty cases of hernia and had assisted in
many more such operations;   that when he examined the
applicant he found him normal and a good surgical risk,—
that is, that his life would not be jeopardized by the oper-
ation,—and that the condition caused by the hernia could
be corrected and the applicant be able to resume his regu-
lar work as a carpenter;   that statistics showed that only
about two-tenths of one per cent of such operations were
fatal;   that in his judgment it was reasonably certain that
such an operation would be successful.   Dr. E. D. Levi-
sohn, applicant's physician at the time of the injury, tes-
tified that when he examined him at the time the operation
was suggested Bush had bronchitis and was not in proper
physical condition to be operated on.   He stated, however,
that the bronchitis was of short duration, and that at the

time he testified he thought the operation could be per-
formed.   He and Dr. William Loeser, who also testified,
stated that each had had experience in many operations for
hernia and that the chances for recovery were from 85 to
90 per cent.  Dr. James T. Sullivan, who had examined the
applicant for plaintiff in error, also testified that after such
an operation the applicant would be able to resume light
work within eight weeks and his regular work within twelve
weeks.   The services of Dr. C. R. G. Forrester appear to
have been tendered the applicant, with the written statement
that if an operation were necessary it would be paid for
by the insurance company.   It appeared from the record
that the operation proposed involved cutting through the
skin, the subcutaneous tissue, the covering of the muscles
and the muscles, making a slit about two and a half inches
long, an opening to be made reaching to the peritoneum
or tunica vaginalis, depending upon the type of hernia, and
involving some further manipulation of parts and surgical
work in correcting the condition caused by the hernia.   The
testimony of the physicians was to the effect that it was a
comparatively superficial operation, though counsel for de-
fendant in error argues that it is a major operation and one
involving some danger to life, and should not be required
as a prerequisite to obtain compensation for the injury.

   This and similar questions have been before the courts
quite frequently.   Paragraph (*d*) of section 19 of the
Workmen's Compensation act vests the Industrial Commis-
sion with the right to suspend the compensation of an in-
jured employee "if he shall refuse to submit to  *  *  *
such surgical treatment as is reasonably essential to pro-
mote his recovery."   Whether the operation is reasonably
essential is for the Industrial Commission to determine,
based upon the evidence submitted to it, and it would only
be in a case where the commission had acted unreasonably
or abused its discretion that the court could interfere with
its finding.   This court in *Joliet Motor Co.* v. *Industrial*

*Board,* 280 Ill. 148, held that where the evidence as to a claim for total loss of sight of an eye showed that such loss was caused by a cataract of slow growth and that an operation could be performed which would cause little or no pain to the employee and which would not endanger his life and would probably restore his sight, the Industrial Commission should not award compensation for total loss of sight of the eye even though it could not compel the employee to undergo an operation. Of course, the question to be decided is not that of compelling a party to submit to an operation. "The question is whether a party who declines to undergo what would be described by experts as a reasonable and safe operation is to be considered as a sufferer from the effect of an injury received in the course of his employment, or whether his suffering and subsequent inability to work at his trade ought not to be attributed to his voluntary action in declining to avail himself of reasonable surgical treatment. * * * If in such a case the sufferer, either from defect of moral courage or because he is content with a disabled hand and is willing to live on the pittance which he is receiving under the Compensation act, refuses to be operated upon, I should have no difficulty in holding that his continued inability to work at his trade was the result of his refusal of remedial treatment and that he was not entitled to further compensation." *Donnelly* v. *Baird & Co.* 1 B. W. C. C. 95. See, also, to the same effect, *Walsh* v. *Locke & Co.* 7 B. W. C. C. 117; *Kricinovich* v. *American Car and Foundry Co.* 192 Mich. 687; *Lesh* v. *Illinois Steel Co.* 163 Wis. 124; *Enterprise Fence and Foundry Co.* v. *Majors,* 121 N. E. (Ind.) 6. The same general rule is also stated in Bradbury on Workmen's Compensation, (3d ed.) 834.

In *O'Brien* v. *Albrecht Co.* 6 A. L. R. Ann. 1257, (206 Mich. 101,) where an injury resulted in hernia and the testimony established that an operation could be performed without endangering life and the plaintiff could not

be cured without it, the court said (p. 1258) : "The physician of the company and the one of plaintiff's selection both advised an operation for the hernia. Such an operation is not attended with danger to life or health, and it appears to be undisputed that it affords the only reasonable prospect of restoration of plaintiff's capacity to labor at his trade,—that of a carpenter. * * * We are impressed that plaintiff's refusal was unreasonable. * * * Until the plaintiff submits to an operation, which should be at the expense of defendants, he is not entitled to compensation from them."

Naturally, each case must depend largely upon its special facts. The hernia here was caused by the accident, but it appears that an injury of this kind is not recovered from in the ordinary process of healing by allowing nature to take the ordinary course, as is the case with many wounds. On the facts as found in this record, we think the findings of the Industrial Commission suspending the award, as stated above, were justified, and the courts are bound by the commission's finding.

We do not think the cases relied on by counsel for the applicant; such as *McNally* v. *Hudson and Manhattan Railroad Co.* 87 N. J. L. 455, and *Feldman* v. *Braunstein,* 87 id. 20, both construing the Workmen's Compensation act of New Jersey, are necessarily controlling here, as that statute is differently worded from the Illinois statute.

The circuit court erred in setting aside the award of the Industrial Commission, and its order in that regard will be reversed and the finding and award of the Industrial Commission will be confirmed.    *Judgment reversed.*