(No. 15067.—Judgment modified and affirmed.)

THE WARSAW COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(DAVID KEIMBUSCH, Defendant in Error.)

*Opinion filed February 21, 1923.*

1. WORKMEN'S COMPENSATION—*when a pre-existing partial incapacity does not preclude award for total disability.* Where the evidence is sufficient to support a finding of total disability caused by a rupture on the employee's right side while doing heavy lifting in the course of the employment, the fact that the employee had sustained a rupture on his left side several years before will not preclude an award for total disability based upon the employee's average daily wage in his weakened condition previous to the second rupture.

2. SAME—*when award for total disability should not be reduced for failure to undergo operation.* An employer, on review of an award for total disability, is not entitled to have the amount of compensation reduced because the employee might have been cured by an operation, where the employee, on the hearing before the arbitrator, offered to submit to an operation but the employer made no offer to pay the expense of it.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

HENRY KNELLER, for plaintiff in error.

KERR, MURPHY & LONDRIGAN, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On September 23, 1920, the defendant in error, David Keimbusch, was awarded compensation by an arbitrator under the Workmen's Compensation act against the Warsaw Coal Company, plaintiff in error, in the sum of $9.02 per week for a period of 308 weeks and $1.84 for one week for total incapacity. The award was reviewed by the Industrial Commission, and on October 19, 1921, was confirmed after it was corrected by the allowance of a pension during life of $23.33 per month. The circuit court of Peoria county reviewed the record after the issuing of the writ of *certiorari* and affirmed the award. This court allowed a writ of error for a further review of the record.

It was stipulated before the arbitrator that the only questions in dispute between the parties are, first, was there an accident to defendant in error; second, was he totally disabled by an accident; and third, was notice given of the accident.

The record in this case clearly shows notice of the accident within the time required by the statute and plaintiff in error raises no question here as to such notice. The testimony of Keimbusch bearing upon the two remaining questions for decision is in substance the following: He was sixty-five years of age and has been a coal miner for over fifty years. His duties while working for plaintiff in error was shooting coal and loading it in pit cars. He made his day's work only about six hours and shot and loaded four cars of coal per day, averaging about six tons for the four cars. All through the world war he was able to perform his average day's work when he worked in the mine. On May 19, 1920, while loading coal into a pit car he sus-

tained a rupture on the right side of his abdomen in lifting and placing a lump of coal on the car. He had never sustained before that time any rupture on the right side. Just after receiving this rupture he went back to his box and prepared a newspaper pad and placed it under and over the rupture for protection against it and after a while went to work at loading coal and continued to load and shoot coal until the 28th day of May following, but he was only able to load two or three cars a day. His rupture became more aggravated by this work and on said last date he was laid up with it completely. It "came down on him" so bad that he could not walk and could not get around to do anything, and was still in that condition when he testified before the arbitrator. He was examined by the coal company's doctor, and for that purpose laid down on his back and "got the rupture back." The doctor inserted his fingers into the rupture and requested him to cough. The doctor told him that his belly wall was badly broken; that he could not give him anything that would do him any good; that he would have to have an operation, and that he would have to lift his back as much as possible to keep the pressure away from the rupture. He is unable to work at the mine at this time on account of his rupture. In about 1915 he sustained a rupture on the left side of his abdomen while pushing a car up an incline, "down near the Mexican line." He wore a pad for this rupture and was able to work in the mine loading coal all through the war. Some time in the latter part of the year 1919 this rupture was aggravated or injured while working in the mine, but after laying off a few days he was able to go right along with his work the usual way. He bought a truss after this rupture had been extended as aforesaid, but the truss did not help him and seemed to make the rupture larger and to cause it to pain him more. He therefore continued with a pad that he had previously worn for it and got along all right. In his testimony before the commission in October, 1921, he stated that he

was not able to work then any more than he was when he testified before the arbitrator; that he could not perform any work on account of his rupture, and that if he exerts himself "it comes down" on him.

The company's physician, Dr. Jennings, testified before the commission as to his examination of defendant in error about a month after his accident and was the only other witness who testified in the case. Not one word of the testimony of Keimbusch was disputed directly. The only thing in the doctor's testimony tending in any way to contradict Keimbusch's testimony was given by him in the way of opinion evidence, to the effect that from his examination of the rupture on the right side he did not think it was as recent in its inception as May 19, 1920, and that in his judgment it was six months or more old. The fact that the rupture is a large one and a serious one is not controverted, and no suggestion was given in the testimony of the physician to the effect that the condition of defendant in error was not serious or that it did not totally disable him. The testimony of Keimbusch supports the finding of the Industrial Commission to the effect that an accident did happen to him in the manner testified to by him and that he is totally disabled by reason of that accident. That finding is not manifestly against the weight of the evidence.

Plaintiff in error makes complaint against the award to the effect that the allowance for the monthly pension is too large. This contention will have to be sustained. The provisions of paragraph (*f*) of section 8 of the Compensation act, under which the award was allowed, are that the pension during life shall be equal to eight per cent of the amount which would have been payable as a death benefit under paragraph (*a*) of section 7 if the employee had died as a result of the injury, leaving heirs surviving, etc. The commission by its award has made a total allowance of $2780 under the first part of paragraph (*f*), and by the same paragraph the pension should be eight per cent of that amount

for one year, which, divided by twelve, gives the monthly pension allowable, which is $18.53. The award is otherwise proper, and it will be corrected by this court in accordance with this finding and as corrected the judgment of the court will be affirmed.

It is suggested by the argument of plaintiff in error that the total disability of Keimbusch was not caused, alone, by the rupture on the right side, but that such disability was contributed to by the rupture on the left side. The record shows that he has performed his average daily work ever since he was ruptured in 1915 when he did work, and as this is less than the average daily work for a coal miner, he was, according to his testimony, only performing that much work daily because of his then inability to perform an average day's work. The evidence clearly shows that he had the capacity to work testified to by him before the injury in question and that the injury had deprived him of all the capacity to work that he did have. The award was based upon his average daily wages in his lessened capacity, and there is no reason shown for making any further deduction therefrom.

Defendant in error offered to undergo an operation for the rupture in question when interrogated before the arbitrator upon this subject. Plaintiff in error made no offer whatever to have this operation performed at its expense. It is therefore not at this time entitled to ask any diminution of the award on the theory that defendant in error may thus be cured. *Rosenthal & Co.* v. *Industrial Com.* 295 Ill. 182.

The judgment of the circuit court is affirmed as modified.

*Modified and affirmed.*